## FAY vs. LOVEJOY and another.

*Usury—Set-off.*

1. To avoid a contract on the ground of usury, it must appear that the lender knew the facts and acted with a view of evading the law.

2. Where F., acting as the agent of L., procured a loan for him at the highest rate of interest, and also retained three per cent. in his own hands, stating to L. that it had been deducted by the lender, and the note and mortgage given to secure the loan were afterwards sold by the lender to F. : *Held*, in an action by F. to foreclose the mortgage &c., that L. might have set-off the amount so retained with interest, if the facts had been stated in his answer, but there was no ground for the defense of usury.

APPEAL from the Circuit Court for *Jefferson* County.

Foreclosure of a mortgage executed by *Lovejoy and wife* to one Merrill, to secure a note of the same date for $1000, with interest at 12 per cent. The mortgage and note were subsequently assigned, after due, to the plaintiff. The defense was usury : and the facts will sufficiently appear from the opinion.

Judgment for the plaintiff; from which the defendants appealed.

*Chas. G. Williams*, for appellants.

*Bennett & Cassoday*, for respondent.

DIXON, C. J. Usury is a matter of intention, and to avoid a contract on that ground it must appear that the lender knew the facts and acted with a view of evading *the law*. *Otto v. Durege*, 14 Wis., 574, and cases cited. There is no evidence that Merrill knew anything about the deduction of the 3 per cent. by *Fay*, or ever assented to it. The contract was, therefore, valid in the hands of Merrill; and being valid in his hands, it is also valid in the hands of his assignee, *Fay*. *Fay* acted as the agent of *Lovejoy* in procuring the loan, retained the three per cent. in his own hands, and then wrote *Lovejoy* that it had been deducted by Merrill. This was a deception on the part of *Fay*, for which *Lovejoy* might have been allowed in this action the sum detained, with interest, if the facts had been stated in his answer; but it did not make the contract with Merrill usurious.

*By the Court.*—Judgment affirmed.