## WELLS vs. THE AMERICAN EXPRESS COMPANY.

*April 2 — April 20, 1880.*

*(1) Amendment of complaint. (2) Discretion as to terms. (3) Money had and received. (4) Relieving party from stipulation as to evidence.*

1. The complaint on the last trial of this action was upon an alleged *contract* of defendant to collect, through its agent at M., a bill against D. of goods consigned to the care of said agent, and to transport and deliver to plaintiff at R. the moneys so collected. After a judgment for plaintiff had been reversed, plaintiff was allowed to amend his complaint so as to allege a cause of action as for money had and received. *Held*, no abuse of discretion.

2. It was within the discretion of the court whether such an amendment should be allowed without requiring plaintiff to pay the costs of the former appeal.

3. The action for money had and received will lie, in general, whenever defendant has received money which, in equity and good conscience, he ought to pay to plaintiff.

4. There was no error in relieving plaintiff from a stipulation of his counsel waiving record evidence of certain allegations of the answer, where such evidence had subsequently been filed, and remained on file, in the court, and there was reason for believing that the stipulation was made under a mistake of fact.

APPEAL from the Circuit Court for *Racine* County.

This cause was here on two former appeals, and is last reported in 44 Wis., 342.

This appeal is by the defendant from an order of the circuit court allowing an amendment of the complaint and relieving the plaintiff from a stipulation. The complaint had already been twice amended. The second amended complaint alleged, that on or about September 6, 1864, plaintiff was the owner of eight wagons, which he contracted to sell to one Downs in Iowa for $800; that plaintiff shipped the wagons by the C. & M. R. R. to Downs in care of the defendant's agent; that plaintiff delivered the bill of shipment and a bill for collection to defendant, who undertook to collect from Downs the amount

to be paid for the wagons upon delivery of the same, and to remit the money to the plaintiff at Racine; that defendant did collect $400 on or about September 21, 1864; and that such sum, being in the custody of the defendant at Racine, Wis., was demanded by the plaintiff, but defendant refused to pay the same to him.

To this complaint the defendant answered a general denial, and certain affirmative matters not important here. Upon the trial, a judgment was rendered in favor of the plaintiff, which was reversed upon appeal to this court. 44 Wis., 342.

The complaint, amended a third time as permitted by the order here appealed from, alleges that on or about September 21, 1864, one Downs was indebted to plaintiff in a sum exceeding $400, and on said day delivered to defendant $400 for the use and benefit of the plaintiff; that on or about September 24, 1864, defendant had said money in its possession at Racine; and that plaintiff demanded the same, and defendant refused to deliver it to him; wherefore defendant became indebted to plaintiff in the sum of $400.

The stipulation from which plaintiff was relieved by the order appealed from, waived the proof of certain judgments set up in defendant's answer to the second amended complaint. In support of the motion to be relieved therefrom, there was an affidavit that the stipulation was made under a mistake of fact. An affidavit in opposition to the motion showed that plaintiff had not paid the costs taxed against him on the former appeal to this court, and was pecuniarily irresponsible. The records of the judgments to be proved were in the same court in which this action was pending.

The case was submitted for the appellant on a brief in behalf of *Finches, Lynde & Miller*, signed by *David S. Ordway*, of counsel, in which the following points, among others, were argued:

1. The complaint as amended does not state a cause of action, and the allowance of the amendment was therefore

erroneous. *Sayles v. Davis*, 22 Wis., 229; *Schaetzel v. Ins. Co.*, id., 412; *Levy v. Goldberg*, 40 id., 314; *Shipman v. The State*, 43 id., 382; *State v. Homey*, 44 id., 620. A complaint for money had and received "must describe the money to have been received to the use of the person who at the time of the receipt of the money by the defendant was legally entitled to it." 1 Chitty Pl., 356; *Seaman v. Whitney*, 24 Wend., 262. It appears by the complaint that the money alleged to have been delivered to the defendant, belonged at that time to Downs. Defendant was simply the bailee of Downs, and Downs alone could maintain an action against it with respect to such money. *Rogers v. Bradford*, 1 Pin., 430; *Bigelow v. Davis*, 16 Barb., 561; *Bank of Rochester v. Jones*, 4 Coms., 497; *Barlow v. Browne*, 16 M. & W., 126; *Wedlake v. Hurley*, 1 Cromp. & Jer., 83; *Williams v. Everett*, 14 East, 582; *Huntley v. Stone*, 4 Wis., 91; *King v. R. R. Co.*, 29 N. J. Law, 508; Redfield on Carriers, sec. 318 and notes; Angell on Carriers, sec. 495; *Coombs v. Railway Co.*, 3 Hurl. & Nor., 510; *Dunlop v. Lambert*, 6 Clark & Fin., 624; *Krulder v. Ellison*, 47 N. Y., 39; *Rodgers v. Phillips*, 40 id., 519; *Thompson v. Fargo*, 49 id., 191; *Colvin v. Holbrook*, 2 Coms., 126; *Merritt v. Johnson*, 7 Johns., 473; *Cobb v. Becke*, 51 E. C. L. (6 Q. B. , 929, 930; *Howell v. Batt*, 5 Barn. & Ad., 504; 27 E. C. L., 115; *Haney v. Conoly*, 57 Ala., 180. 2. The amendment changes entirely the cause of action, and was therefore improperly allowed. *Newton v. Allis*, 12 Wis., 378; *Sweet v. Mitchell*, 15 id., 663; *Larkin v. Noonan*, 19 id., 82; *Stevens v. Brooks*, 23 id., 196; *Supervisors v. Decker*, 34 id., 378; *Johnson v. Filkington*, 39 id., 62; *Van Syckels v. Perry*, 3 Rob., 621; *Anderson v. Case*, 28 Wis., 506; *Bockes v. Lansing*, 74 N. Y., 442; *Brayton v. Jones*, 5 Wis., 628 (Dixon's note). Before the amendment the complaint was in tort, for the conversion of the money. *Supervisors v. Decker*, 30 Wis., 633; *S. C.*, 34 id., 378; *Rothe v. Rothe*, 31 id., 572; *Samuels v. Blanchard*, 25 id., 335; *Charboneau v. Henni*, 24 id., 250;

2 Chitty Pl., 356, 357 and note *a.* 3. It was an abuse of discretion to allow the amendment without an affidavit of merits and proof that the plaintiff would probably be able to prove the complaint when amended. A reasonable excuse for the omission of the allegations from the former complaints should have been shown. *Sweet v. Mitchell*, 19 Wis., 529. 4. The allowance of the amendment was an abuse of discretion, because of the laches of the defendant, and because the statute of limitations had run upon the demand long before the amendment was proposed. *Stevens v. Brooks*, 23 Wis., 199; *Sheldon v. Adams*, 18 Abb. Pr., 405. 5. It was an abuse of discretion to allow the amendment without requiring the payment of costs by the plaintiff. *Moll v. Semler*, 28 Wis., 591; *Johnson v. Eldred*, 13 id., 483.

*John T. Fish*, for respondent:

1. The circuit court had discretionary power to allow the amendment. R. S., sec. 2830; 4 Wait's Pr., 643–652, 662, 663; *Leetch v. Ins. Co.*, 4 Daly, 518; *Diamond v. Ins. Co.*, id., 494; *Sharp v. Mayor*, 25 How. Pr., 392. The order, being within the discretion of the court, is not appealable. *Eldred v. Oconto Co.*, 30 Wis., 206; *Richtmeyer v. Remsen*, 38 N. Y., 206; *Gillett v. Robbins*, 12 Wis., 319; *Fisk v. Tank*, id., 306; *Bean v. Moore*, 2 Pin., 392; *K. v. H.*, 20 Wis., 239; *Mil. & Miss. R. R. Co. v. Finney*, 10 id., 388; *Gilbank v. Stephenson*, 31 id., 592; *McCord v. McSpaden*, 34 id., 541; *Noonan v. Orton*, 30 id., 609; *Meade v. Lawe*, 32 id., 261; *Cobb v. Harrison*, 20 id., 625; *Jones v. Walker*, 22 id., 220. The circuit court had all the evidence given on the previous trial before it, and might allow such amendment as it deemed in furtherance of justice (*Blodgett v. Hitt*, 29 Wis., 169), even after a judgment in this court. *McIndoe v. Morman*, 26 Wis., 588. The court may grant amendments changing the whole cause of action or ground of defense. *Troy & Boston R. R. Co. v. Tibbits*, 11 How. Pr., 168; *Strong v. Dwight*, 11 Abb. Pr. (N. S.), 319; *Brown v. Leigh*, 49 N. Y., 78; *S. C.*,

12 Abb. Pr. (N. S.), 193; *Far. & Mer. Bank v. Joslyn*, 37 N. Y., 353; *Harrington v. Slade*, 22 Barb., 162. No ground was shown why the court should refuse leave to amend. *Whitmarsh v. Campbell*, 2 Paige, 67; *Thorn v. Germand*, 4 Johns. Ch., 363; *Wilbur v. Collier*, Clarke's Ch., 315; *Vermilyea v. Odell*, 4 Paige, 122. 2. The court had power to relieve from a stipulation entered into under a mistake of fact. *Becker v. Lamont*, 13 How. Pr., 23; *Lynch v. State*, 15 Wis., 42.

Cole, J. Notwithstanding the able and ingenious argument of defendant's counsel, we fail to see any abuse of discretion on the part of the circuit court in allowing the amendment to the complaint. This amendment was, doubtless, asked for in order to obviate any objection of variance which might be taken if the evidence on another trial should be the same as on the former one. The court has ample power to allow a pleading to be amended in furtherance of justice by inserting allegations material to the case, when the amendment does not change substantially the claim or defense (R. S., sec. 2830); and this power has always been exercised with much liberality, in conformity with the spirit of the statute. Now, one objection taken to the amendment is, that it entirely changes the cause of action from one in tort to one in contract. We do not so understand the pleadings.

Mr. Justice Orton, in delivering the opinion of the court on the last appeal, after alluding to the complaint which was before the court on the first appeal, says: "The complaint, as amended and now before this court, charges, in effect, that the defendant received from the plaintiff, at Racine, a bill or account for the sum of $800, in favor of the plaintiff and against Downs, for the wagons sold to Downs by the plaintiff, and shipped by the Chicago & Milwaukee Railroad Company to Downs, in the care of the agent of the defendant at Marshalltown, Iowa, and undertook to collect of Downs said bill,

upon the delivery of the wagons to him, and to transport the said sum, when collected, from Marshalltown to Racine, and deliver the same to the plaintiff." The liability of the defendant is here distinctly placed on the ground that, as the consignee of the property and factor of the plaintiff at Marshalltown, it undertook to collect the proceeds of the sale from Downs and deliver the same to the plaintiff at Racine, which engagement it failed to perform. The liability is one arising upon contract, not in tort. Whether or not the complaint before the court on the first appeal was likewise one in contract, we need not stop to determine, because that is not the pleading which was last amended. The last amended complaint is plainly for money had and received by the defendant for the use and benefit of the plaintiff, and, it is unnecessary to say, rests in contract, express or implied. The responsibility of the defendant is placed upon a little different ground; that is all.

Again, it is said that the complaint as last amended states no cause of action, for the reason that it does not appear therefrom that the money had and received by the defendant was the property of the plaintiff. If it be true that the complaint as amended is bad, it is not very obvious how the defendant could have been prejudiced by the amendment. But that there may be no misapprehension as to our views upon this point, we will add that we think the only fair inference from the facts stated is, that the money which the defendant received belonged to and was the property of the plaintiff. The learned counsel says that the money belonged to Downs when he delivered it to the defendant to be transported to the plaintiff at Racine, and that the presumption is that the title remained in him. But it is more consistent with the allegations to assume that the defendant received the money as the agent of the plaintiff, and that the money was really at the risk of the plaintiff while in transit. An action for money had and received is maintainable whenever the defendant receives money

which, in equity and good conscience, he ought to pay to the plaintiff. *Lockwood v. Kelsea*, 41 N. H., 185. In the language of Lord ELLENBOROUGH, C. J., in *Hudson v. Robinson*, 4 M. & Sel., 475–478, "an action for money had and received is maintainable whenever the money of one man has, without consideration, got into the pocket of another." Here, according to the complaint, money which belongs to the plaintiff has come to the possession of the defendant for plaintiff's use and benefit. Under such circumstances an obligation is implied in law, on the part of the defendant, to pay it over to the rightful owner. Says Mr. Chitty: The form of the count in this kind of action "is extremely simple; it is merely stating that the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant to and for the use of the plaintiff." 1 Chit. Plead. (16th Am. ed.), 362; *Grannis v. Hooker*, 29 Wis., 65.

It seems to us there is no good ground for saying that the plaintiff has been guilty of such laches in the prosecution of this claim as to make it an abuse of discretion on the part of the court below to allow the amendment. It is possible, as argued by plaintiff's counsel, that it would have been entirely proper for the court, on the former trial, to have allowed such an amendment, even after verdict, so as to make the *allegata* and *probata* correspond.

It is objected that the amendment was allowed without requiring the plaintiff to pay the costs of the former appeal. But this was a matter resting in the discretion of the court below. *Felt v. Amidon*, 48 Wis., 66. The, same answer must be given to the objection taken to that part of the order which relieved the plaintiff from the stipulation which waived the record evidence in regard to the judgments rendered by the justices in the garnishee actions. If the dockets of the justices who rendered these judgments were actually deposited in court, there was no hardship in requiring the defendant to resort to them to prove its defense.

We think the order of the circuit court was correct and must be affirmed.

*By the Court.*— Order affirmed.

LYON, J., took no part.