ELI B. AMES and another, Administrators, *vs.* RICHARD SLATER, Administrator, and others.

August 4, 1880.

**Effect of Judgment in Federal Court for a Claim against a Decedent previously disallowed by the Commissioners.**—H. having died intestate, leaving real and personal property in Ramsey county, in this state, administration of his estate was committed to Slater, and commissioners were appointed to hear and adjust claims. The Commercial Bank of Kentucky, holding a claim against the estate, presented the same to the probate court for allowance, but the claim was held to be barred, under our statute, by the bank's failure to present it to the commissioners for allowance. This holding was affirmed in both the district and supreme courts. The bank then brought an action in the district court upon its claim against the administrator, and it was again held that the claim was barred by the failure to present it to the commissioners. This holding, also, was affirmed in the supreme court. Thereupon, the bank brought an action against the administrator upon its claim in the circuit court of the United States for the district of Minnesota. The proceedings in the state courts were pleaded in bar of the action, but without avail, the bank recovering a judgment of over $20,000. *Held*, that, the action having been brought by a Kentucky corporation against a citizen of this state, the circuit court had jurisdiction of it, and of the parties to it. It therefore had power to render the judgment, and such judgment (though in the opinion of this court erroneous) is valid, and binds the administrator until reversed.

Action on Administrator's Bond—Account of Assets and Debts.—The present action is brought against the defendant, as administrator aforesaid, and his sureties, upon his administration bond, to collect the amount of a claim against the estate of H., which was allowed in favor of plaintiffs' testator by the commissioners upon the estate of H., and which the administrator was duly directed to pay in full, he having cash assets sufficient to pay in full all claims allowed against the estate, but not enough to pay such claims and the judgment aforesaid of the circuit court. *Held*, that the administrator is entitled to have an account taken of the proceeds and assets of the estate of H., and of the unpaid debts due from and payable by said estate, including said judgment, and that thereupon, upon ascertaining the percentage of indebtedness which the assets will pay, it should be adjudged that the plaintiffs recover of the administrator their ratable proportion and no more.

Plaintiffs, as administrators, with the will annexed, of Levi Butler, brought this action in the district court for Ramsey county, against Slater as principal and the other defendants as sureties on Slater's bond as administrator of one Heylin, to recover the amount of a claim of $365.15, which had been duly presented by Butler to the commissioners on Heylin's estate, and allowed by them on December 30, 1868, when they filed their report. The complaint further alleges that the total amount of debts presented to and allowed by the commissioners was $1,758.43; that in 1873, Slater obtained license to sell real estate of his intestate, (the other defendants becoming sureties on his sale bond,) pursuant to which, he sold and conveyed certain real estate, receiving therefor the sum of $3,725, in cash; that on September 8, 1878, the probate court ordered Slater to pay all claims not already paid by him which had been allowed by the commissioners, with interest thereon at seven per cent. per annum from July 25, 1868; that no part of the claim of Butler had been paid, and that the defendant Slater, as administrator, has assets in his hands sufficient to pay all debts allowed against Heylin's estate, and all expenses of administration; and that plaintiffs have obtained leave to prosecute the bond.

The defendants in their answer admitted all the allegations of the complaint except that of sufficiency of assets to pay all

the debts, which they denied, and made further answer as follows:

"Further answering, the defendants aver that after the allowance of all the claims against the estate, including the claim of the said plaintiffs' decedent, and after the sale of the real estate mentioned in said complaint, and after the receipt, by the administrator, of the purchase price thereof, the Commercial Bank of Kentucky, which was then and there a creditor of said estate, whose claims had never been proved before the commissioners thereof, duly commenced an action against the said defendant Slater, as administrator of the said estate of said Heylin, deceased, in the circuit court of the United States for the district of Minnesota, and which said court had then and there full and due jurisdiction of the parties to said action, and of the subject-matter thereof. That said administrator duly appeared in said suit and defended against the same as such administrator, and that such other and further proceedings were thereafter had in said court that a judgment was thereafter duly rendered against the said defendants, as well as such administrator and against the estate which he then represented, for the sum of more than $20,000, and which said judgment is valid, in full force, and of record, and has never been in any manner reversed or appealed from, and which said judgment now forms and is a valid and substantial claim against said estate, and for which the said administrator is liable in like manner as for other claims duly proved against said estate before the commissioners thereof."

The answer further alleges that the only assets that have ever come into the hands of the administrator, Slater, is the purchase-money of the land mentioned in the complaint; that the said judgment and the other unpaid claims due from Heylin's estate amount to more than $30,000, and that the administrator, after paying such of the claims as he has paid, and the expenses of administration, has not in his hands more than $700; that the estate is insolvent, and the assets

amount to less than five per cent. of the claims against it; that the administrator has always been willing and ready to pay plaintiffs' decedent, and is ready and willing to pay to them the ratable proportion of the assets in his hands to which they are entitled, and offers to permit judgment to be entered against him and the estate therefor. The defendants further pray judgment that an account be taken of the assets and debts of the estate, including the judgment in the federal court, and that plaintiffs have judgment for their ratable proportion of such assets and no more.

The plaintiffs' demurrer to the answer was sustained by *Simons,* J., and the defendants appealed.

*Davis, O'Brien & Wilson,* for appellants.

The jurisdiction of the federal courts to render a judgment against an administrator, upon the demand of a citizen of another state, notwithstanding the pendency of administration by the state courts, or a bar under the state statute, is conclusively settled by repeated decisions. *Suydam* v. *Broadnax,* 14 Pet. 67; *Union Bank* v. *Jolly's Adm'rs,* 18 How. 503; *Green's Adm'x* v. *Creighton,* 23 How. 90: *Payne* v. *Hook,* 7 Wall. 425; *Commercial Bank of Ky.* v. *Slater,* Dist. of Minn. (unreported.)

In the case set up in the answer, the claim of the bank was presented to the probate court with a petition that it be allowed against the estate, which was refused, and, on appeal, it was held that the claim was barred, because not presented to the commissioners within the six months limited. *Commercial Bank of Ky.* v. *Slater,* 21 Minn. 172. The bank then brought an action at law on the same claim, and the action was held to be barred, for the same reason. *Commercial Bank of Ky.* v. *Slater,* 21 Minn. 174. The bank then brought an action at law in the U. S. circuit court for Minnesota, to which suit the proceedings in the state court were pleaded in bar; but the circuit court overruled the defence, and held the administrator liable. By these proceedings the judgment

of the bank-became as valid a claim against the estate as if it had been presented to the commissioners and allowed.

· *Woods & Babcock,* for respondents, cited *Penniman Will Case,* 20 Minn. 248; *Broderick's Will,* 21 Wall. 503; *Fouvergne* v. *City of New Orleans,* 18 How. 470; *Bank of Alabama* v. *Dalton,* 9 How. 522; *Commercial Bank of Ky.* v. *Slater,* 21 Minn. 172, 174.

BERRY, J.* Isaiah B. Heylin having died intestate, leaving real and personal property in our county of Ramsey, administration *de bonis non* of his estate was committed by the probate court of said county to defendant Slater, and commissioners were appointed to hear and adjust claims. The Commercial Bank of Kentucky, holding a claim against the estate, presented the same to the probate court for allowance, but the claim was held to be barred by the failure to present it to the commissioners for allowance. This holding was affirmed, both in the district court and in this court. The bank also brought an action upon its claim, in the district court, against the administrator, and, upon demurrer, it was again held that the claim was barred by the failure to present it to the commissioners; and this holding was also affirmed in this court. *Commercial Bank of Ky.* v. *Slater,* 21 Minn. 172, 174. Thereupon the bank brought an action upon its claim, in the circuit court of the United States for the district of Minnesota, against defendant Slater, as administrator aforesaid. The proceedings in the courts of this state were pleaded in bar of the action, but without avail, the bank recovering a judgment of over $20,000.

The action having been brought by a Kentucky corporation (which is regarded as a citizen of that state) against a citizen of this state, the circuit court had jurisdiction of it and of the parties to it. *Green's Adm'x* v. *Creighton,* 23 How. 90; *Union Bank* v. *Jolly's Adm'rs,* 18 How. 503; *Suydam* v. *Broadnax,* 14 Pet. 67; *Payne* v. *Hook,* 7 Wall. 425. Possessing this

*Cornell, J., having been of counsel, did not sit in this case.

jurisdiction, the circuit court had power to render judgment in the action, and its judgment, however erroneous, is valid until reversed. We have no doubt at all that the judgment is erroneous. When the proceedings in the courts of this state were pleaded and proved, the action should, in our opinion, have been dismissed, or judgment rendered for defendant. The result of these proceedings was a former adjudication upon the very claim upon which the action in the circuit court was founded. It was not only an adjudication upon the same claim, but by tribunals into which the bank had voluntarily and wholly of its own motion entered, and to which it had submitted its claim. If this state of facts was properly presented to the circuit court, we are at a loss to account for the judgment which was rendered against the administrator. But, whether erroneous or not, the judgment is valid as it stands, and we perceive no way in which the administrator can avoid paying it, in whole or in part, as the assets of the estate will permit.

This action is brought against the defendant, as administrator, and the sureties upon his administration bond, to collect the amount of a claim against the estate which was allowed in favor of the testator of the plaintiffs by the commissioners upon said estate, and which the administrator was duly directed by the probate court to pay in full, he having cash assets sufficient to pay in full all claims which were allowed against the estate. Such assets are not sufficient, however, to pay those claims and the judgment rendered by the circuit court. The defendants, therefore, in answer to this action, set up the proceedings and judgment in the circuit court, and asked that an account may be taken of the proceeds of Heylin's estate and the assets thereof in the hands of the administrator, and also of the unpaid debts due and payable from said estate, including said judgment, and that plaintiffs thereupon have judgment for their ratable proportion of such assets, and no more. We think that the defendants are entitled to the relief which their answer asks. Cer-

tainly, the administrator, in the absence of any misconduct of omission or commission—and none is charged—is not liable beyond the assets of the estate which he represents. The judgment of the circuit court (erroneous as we deem it to be) is, as a valid judgment against the administrator, as such entitled to its ratable share of these assets, and that share the administrator must pay, and he must be permitted to pay it out of the assets of the estate. In a case like this, where the assets are insufficient to pay the claims allowed and the judgment in full, it necessarily follows that whatever is to be paid upon the judgment must, to some extent, reduce the amounts payable on the allowed claims. In some way the administrator must be permitted to protect himself, and to have the amount of his liability determined. We can see no reason why it is not entirely proper to accomplish this in the manner proposed in the answer.

The order allowing the plaintiffs' demurrer to the answer is, accordingly, reversed.