JAMES W. LOUGH *vs.* DENNIS FLAHERTY and others.

July 17, 1882.

**Personal Liability of Administrator for Costs.**—A judgment, " and it is further determined and adjudged that the appellant above named do have and recover of said James W. Lough, administrator of the estate of William Pitman, deceased, respondent herein, the sum and amount of $51.30 costs and disbursements in this cause in this court, and that said appellant have execution for enforcement thereof," is a judgment against the administrator personally, to be enforced by execution against his property.

Appeal by defendants from an order of the district court for Scott county, *Macdonald*, J., presiding, refusing a new trial.

It was stipulated as a fact, at the trial, "that there was not and has not been any property or assets belonging to the estate of which plaintiff was administrator, or in the possession or control of plaintiff."

*H. J. Peck*, for appellants.

*Southworth & Marrinan*, for respondent.

GILFILLAN, C. J. This action was commenced against the defendant Flaherty to recover the possession of personal property. He justified as sheriff under a judgment and execution of this court for costs against this plaintiff, administrator of the estate of William Pitman, deceased, in an action brought by this plaintiff, as such administrator, against Thomas M. Pitman. After the answer, Thomas M. Pitman and John Pitman were made defendants. The point upon which the cause seems to have been tried in the court below, and which is made here, is as to whether the judgment pleaded in the answer might be enforced against the individual property of this plaintiff. The parties discuss the question whether the administrator could properly be chargeable with the costs of the action in which the judgment was rendered. But that is a question that, so far, at least, as the parties to it are concerned, could be raised only in that action. Whatever the effect of the judgment may be as to imposing liability on the administrator must be determined by the

judgment itself. If the judgment was improperly entered against the administrator personally, the remedy was by motion to correct it.

The judgment, after the usual recitals, proceeds: "And it is further determined and adjudged that the appellant above named do have and recover of said James W. Lough, administrator of the estate of William Pitman, deceased, respondent herein, the sum and amount of $51.30 costs and disbursements in this cause in this court, and that said appellant have execution for enforcement thereof." By its terms this judgment, instead of being chargeable upon the estate, is to be enforced against the property of the administrator. *Woodruff* v. *Cook,* 14 How. Pr. 481. At common law the form of judgment for debt and costs against an executor or administrator, where he was made liable personally for the costs in case of a deficiency of assets, was that the plaintiff do recover the debt and costs, to be levied out of the assets of the deceased if the executor or administrator have so much, but if he have not, then the costs out of the goods of the executor or administrator, (3 Williams on Executors, 2088, 2089;) and in this state, where execution against the estate does not issue except in certain cases, (Gen. St. 1878, c. 53, §§ 15, 16, 17, 18, 53; c. 54, § 13; c. 66, § 298,) the proper form, where costs as well as debt are made chargeable upon the estate, is that they be paid in due course of administration; and if the costs be charged to the executor or administrator, that the plaintiff have execution therefor against his property.

Gen. St. 1878, c. 54, § 13, provides: "When costs in any case are allowed against an executor or administrator, execution shall not issue against the estate of the deceased in his hands therefor, but shall be awarded against him as for his own debt, and the amount paid by him shall be allowed in his administration account, unless it appears that the action or proceeding in which the costs are taxed has been prosecuted or resisted without just cause."

Section 12, chapter 67, provides: "In an action prosecuted or defended by an executor, administrator, or trustee of an express trust, or a person expressly authorized by statute, costs and disbursements may be recovered as in an action by and against a person prosecuting or defending in his own right, but the same shall by the judg-

ment be made chargeable only upon the estate, fund, or party represented, unless the court directs the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in the action," etc.

The provisions of these two sections are apparently in some respects inconsistent, but they are not inconsistent in these respects: *First*, that no execution for costs in an action by or against an executor or administrator shall issue against the estate; *second*, that execution therefor may be directed to issue against the property of the executor or administrator; *third*, that, if made chargeable against the estate, the judgment should not direct execution to issue against the estate, and should direct execution to issue only where the costs are charged to the executor or administrator personally.

Whether the judgment in which the costs are allowed shall be conclusive as to the executor's or administrator's rights against the estate in respect to the costs paid, when he comes to render his account, is a question not involved here. The question here involved is between the parties to the judgment, and upon the judgment itself. It does not make the costs chargeable upon the estate. It adjudges that the appellant do recover of said James W. Lough, administrator, etc., and that said appellant have execution for enforcement thereof. Inasmuch as no execution could lawfully be directed to issue against the estate, but might be lawfully directed to issue against the property of the administrator, this direction is equivalent, as between the parties to the judgment, to making the costs chargeable upon him, and execution leviable upon his property. Otherwise, the direction that appellant have execution for enforcement thereof is to be taken either as nugatory, or as directing what the law prohibits, to wit, the issuance of execution against the estate. The execution was properly issued against and levied upon the plaintiff's property.

Order reversed and new trial ordered.