Wiesmann and another vs. The Town of Brighton.

WIESMANN and another, Executors, Appellants, vs. THE TOWN OF BRIGHTON, Respondent.

*November 16 — December 6, 1892.*

(1) *Taxation: Recovery of taxes paid under protest.* (2) *Action by executors: Judgment for costs.*

1. Though paid under protest, a tax with which the property assessed was justly chargeable cannot be recovered back because of mere irregularities in the tax proceedings not going to the validity of the assessment or affecting the groundwork of the tax.

2. A judgment for costs against executors personally is unauthorized, unless the court therein expressly directs the same to be paid by such executors personally for mismanagement or bad faith in the action. R. S. sec. 2932.

APPEAL from the Circuit Court for *Kenosha* County.

This action was brought by the executors of the will of one Jacob Wiesmann, who died in September, 1885. It was originally commenced in a justice's court. The complaint alleges that in 1862 school district No. 7 in the defendant town was organized; that in 1877 a part of the town of Paris was annexed to said school district, thereby forming joint school district No. 7 of the towns of *Brighton* and Paris; that said testator's estate was all in said joint district; that the town clerk of *Brighton* unlawfully and unjustly placed the real and personal estate of said testator

on the tax roll of the town of *Brighton* for 1888, and taxed the same $22.91, as school-district tax; that no part thereof was certified to the town clerk by the district clerk; that the district clerk delivered to the town clerk the requisite verified statement, showing the amount voted by the district to be raised for taxes July 2, 1888; that January 19, 1889, the plaintiffs, as such executors, were compelled to pay, and did pay under protest, the said taxes; that March 23, 1889, the plaintiffs filed their claim to recover the same back with the town clerk, as required by sec. 824, R. S.; and that the defendant refused to pay the same.

The defendant answered by way of denials, and alleging, in effect, that none of said personal property was assessed to said estate in the town of *Brighton* in 1888, nor was the same returned to the assessor as such estate by said executors, or any person for them, nor was any tax levied upon any of said personal estate by authority of *Brighton;* that all and singular the taxes mentioned in the complaint were paid voluntarily, and that the clerk made due returns, etc.

On the trial of the action before the justice, judgment was rendered in favor of the defendant and against the plaintiffs for costs taxed at $23.98. From said judgment the plaintiffs appealed to the circuit court. In that court the judgment of the justice was affirmed, and judgment was rendered against the plaintiffs for costs, taxed at $15.60. The plaintiffs appeal from the judgment of the circuit court.

The cause was submitted for the appellants on briefs by *Henry Wiesmann,* and for the respondent on the brief of *Cavanagh & Fisher.*

CASSODAY, J. This is an action to recover back money had and received. Such an action, though legal in form, is in its nature an equitable remedy, and can only be main-

tained where the defendant has received money which, in equity and good conscience, he ought to pay to the plaintiff. *Fay v. Lovejoy*, 20 Wis. 407; *Wells v. Am. Exp. Co.* 49 Wis. 224. The mere fact that the tax proceedings may have been irregular, and the amount of the tax has been paid under protest, will not authorize a recovery. *Rutledge v. Price Co.* 66 Wis. 35. The plaintiffs neither allege nor prove any defect or irregularity going to the validity of the assessment and affecting the groundwork of the tax, within the meaning of the statutes. *Pier v. Prouty*, 67 Wis. 218. They are therefore in no position to recover back a tax with which the property assessed was justly chargeable.

This action is prosecuted by executors. The judgment for costs is in form against them personally. Under the statute such judgment is unauthorized, unless the court therein expressly directs the same to be paid by such executors personally for mismanagement or bad faith in such action. Sec. 2932, R. S.; *Ladd v. Anderson*, 58 Wis. 591. The judgment should have contained a formal direction for the payment of the costs out of the estate. *Hei v. Heller*, 53 Wis. 415. For this manifest error the judgment of the circuit court is reversed, and the cause is remanded, with direction to reverse the judgment entered by the justice, and to enter judgment in accordance with this opinion.

*By the Court.*— Ordered accordingly.

Winslow, J., took no part.