JOHNSON, Appellant, vs. BANK OF SUN PRAIRIE, Respondent.

*January 14—February 3, 1914.*

*Oral contracts: Validity: Statute of frauds: Promise to pay debt of another: Executed contract.*

1. Where plaintiff turned over to defendant certain accounts for collection under an oral agreement that defendant might apply the proceeds upon the debt of a third person to defendant, such agreement was not a promise by plaintiff to answer for the debt of another person, and hence was not required by the statute of frauds (sec. 2307, Stats.) to be in writing.
2. So far as moneys were collected and applied under such agreement the contract was fully executed and that part of the contract could not be set aside even if the original promise were held to be within the statute.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The action was brought to compel an accounting for moneys collected on a lot of open accounts which plaintiff turned over to the defendant for collection. By the answer it is alleged that the accounts were turned over to the defendant under the agreement that the bank might collect the same and apply the proceeds so far as necessary to pay the debt of

one Kehl, the plaintiff's son-in-law, and in consideration the promise of the bank (which was afterwards fully carried out) that it would dismiss a certain lawsuit then pending against Kehl to recover a part of the debt and refrain from entering judgment upon a judgment note given by Kehl for the remainder of his debt; that there has been collected $513.89 upon the accounts, all of which has been applied upon Kehl's debt, leaving $40.58 still unpaid thereon. The bank claims the right to hold the accounts and collect enough thereon to pay the balance of Kehl's debt. A general demurrer to the answer was overruled, and plaintiff appeals.

For the appellant there was a brief by *Bagley & Reed,* and oral argument by *W. R. Bagley.*

For the respondent there was a brief by *Ollis, Nelson & Bushnell,* and oral argument by *A. H. Bushnell.*

WINSLOW, C. J.    The demurrer was properly overruled because:

1. So far as the moneys which have been collected and applied are concerned, the contract has been fully executed, and under very familiar principles that part of the contract could not be now set aside even if the original promise were held to be within the statute. *Larsen v. Johnson,* 78 Wis. 300, 47 N. W. 615.

2. The turning out of securities for collection under the agreement that the proceeds may be applied on a third person's debt is not a promise to pay another's debt, and hence not required by the statute of frauds to be in writing. Whether any money was ever collected or collectible on the accounts there would be no breach of any promise made by the plaintiff.

*By the Court.*—Order affirmed.