STEUERWALD, Administratrix, Appellant, vs. RICHTER and others, Respondents.

*October 28—November 17, 1914.*

*Statute of frauds: Oral contract: Partnership to deal in lands: Validity: Partial execution: Accounting: Action for money had and received: Pleading: Equity.*

1. An oral agreement to conduct partnership dealings in lands is void under the statute of frauds while it remains executory, but may be rendered enforceable by performance.

2. In an action for money had and received, brought by the administratrix of one in whom the legal title to lands had been vested, the answer alleging, among other things, an oral agreement under which defendants acquired an undivided interest in the lands and became partners of plaintiff's intestate in the matter of improving and selling the same; that in execution of such agreement the partners had made valuable improvements on the land, each contributing much time and money thereto; that they had sold many parcels thereof, the decedent, as holder of the legal title, executing the proper deeds and contracts and causing the purchase money to be paid to defendants for and in behalf of the partnership; and that the moneys sought to be recovered are proceeds of such sales and are held by defendants for the benefit of the partnership, the affairs of which they are engaged in winding up, is *held* to state a good defense, the defendants being entitled at least to an enforcement of their rights, growing out of the oral agreement so far as it was executed, and to an accounting to determine the amounts due to each party. [Whether the court could take possession of the land unsold and enforce the agreement so far as it was unexecuted, not decided.]

3. The right to recover in an action for money had and received is in its nature equitable and can only be enforced where the defendant has received money which in equity and good conscience he ought to pay to the plaintiff.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a demurrer to defendants' answer. The action was brought by plaintiff as administratrix of the estate of her deceased husband, Jona-

than D. Steuerwald, for the recovery of money had and received by the defendants to the plaintiff's use. The plaintiff demurred to the defendants' answer for that it did not state facts sufficient to constitute a defense.

The answer alleges in substance that during the month of January, 1910, said Jonathan D. Steuerwald, deceased, contracted for and subsequently acquired title to and went into possession of a certain tract of land comprising 3.098 acres, more or less, in the city of Milwaukee, county of Milwaukee, Wisconsin, and particularly described in the answer; that on February 7, 1910, the defendants as copartners and one Scranton Stockdale entered into a verbal copartnership agreement with said Jonathan D. Steuerwald for the improvement and sale of said land and division among them in equal one-third shares of the proceeds and profits to be derived from the same, it being agreed that the defendants as copartners and said Stockdale should each pay to said Steuerwald the sum of $2,183.34 as the equivalent for an undivided one-third interest each with said Steuerwald in said land, and that said land should be turned over to and improved by said copartnership and then sold and the proceeds and profits equally divided among said partners upon the aforesaid one-third basis; that pursuant to said agreement said Stockdale paid to said Steuerwald on the 7th day of February, 1910, for an undivided one-third interest in said land and the profits to be derived from a sale thereof, the sum of $2,183.34, and the defendants as such copartners paid to said Steuerwald on the 7th day of June, 1911, for an undivided one-third interest in said land and the profits to be derived from a sale thereof, the sum of $500 on account and agreed to pay the balance of $1,683.34 upon demand, and up to the time of the death of said Steuerwald were ready and willing to pay said balance to him, and since the death of said Steuerwald have been ready and willing to pay said balance to the plaintiff as the personal representative of the estate of Jona-

than D. Steuerwald, deceased; that on the 7th day of February, 1910, in consideration of such copartnership agreement, said Steuerwald contributed said land to said copartnership as firm capital, and said defendants and Scranton Stockdale, together with said Steuerwald, as such copartners went into actual possession of said land, caused it to be surveyed, graded, and divided into parcels and designated "Inez-Howard Subdivision;" that the defendants, together with said Stockdale and Steuerwald as such copartners, made valuable permanent improvements upon many of said parcels of land, erecting houses and other buildings thereon and making other improvements, each of said copartners contributing much time and money to the making of such improvements; that thereafter the defendants, for and in behalf of said copartnership, sold many parcels of said land with buildings and improvements upon land contract, the said Steuerwald, who had retained the legal title to said land, executing land contracts to the purchasers and agreeing to give proper warranty deeds upon payment of the whole or part of the purchase price, as the case might be, said purchasers paying to said defendants on behalf of said copartnership the amounts upon said land contracts as they became due and payable; that defendants, together with said Stockdale and Steuerwald as copartners, did sell some parcels of land for cash, and that said Steuerwald and wife in recognition of said copartnership arrangement executed warranty deeds to the purchasers and caused the purchase price of said parcels to be paid to the defendants for and in behalf of said copartnership; that the defendants pursuant to said copartnership agreement collected large sums of money on account of the purchase price of said parcels of land so sold, and also realized considerable money upon mortgages executed by said Steuerwald and wife upon some of said land, and paid out and expended vast sums of money for the erection of buildings and the making of other improvements upon said land, and for interest, taxes,

insurance, and other expenses necessarily growing out of the ownership, improvement, and sale of said land, and that the sum of $8,001.86, for which this action was brought, represents approximately the net balance in the hands of the defendants at the time of the commencement of this action realized from sale of said parcels of land, but that said sum is not held by the defendants for the benefit of plaintiff, but for the use and benefit of the members of said copartnership, the defendants being engaged in the adjustment and winding up of said copartnership affairs,—a considerable part of the purchase price of some of said land so sold still remaining unpaid and outstanding and some of said land remaining unsold,—and that the plaintiff in her representative capacity would be entitled to a one-third share of the net balance remaining in the hands of the defendants after the copartnership affairs have been adjusted and an accounting had; that said Jonathan D. Steuerwald up to the time of his death recognized said copartnership arrangement, co-operating with the defendants and said Stockdale in carrying out the same, and that said Steuerwald never repudiated said copartnership arrangement; that six or seven of said parcels of land have not been sold owing to the untimely death of said Steuerwald, who held the title to said land in trust for the copartnership; that one of said parcels has a building erected thereon and all are equipped with service pipes and connections for water, sewer, and gas, and that all street improvements in front of said parcels of land have been made, for all of which the defendants have expended large sums of money for and in behalf of said copartnership; that the defendants in reliance upon the copartnership agreement have spent a great deal of time and money and rendered valuable services in improving said land and in collecting the proceeds and profits realized from so much thereof as had been sold, and that they will suffer irreparable loss and damage if the copartnership agreement should not be enforced; that said Stockdale also

rendered valuable services and expended money in improving the land pursuant to the copartnership agreement and has a one-third interest in said land and proceeds derived and to be derived from a sale of the same, and that said Stockdale is a necessary party to the action, and that a complete and final determination of the controversy cannot be had without his presence, and that he should be made a party defendant in the action.

The prayer of the answer is that Stockdale be made a party defendant with leave to interpose an answer and for judgment determining the validity of the copartnership agreement and decreeing that no recovery be had until after an adjustment and winding up of the copartnership affairs by the surviving partners, and that the plaintiff's complaint be dismissed upon the merits.

The cause was submitted for the appellant on the brief of *Albert H. Riemer,* attorney, and *Thomas H. Dorr,* of counsel, and for the respondents on that of *Orth & Orth.*

KERWIN, J.  The main contention of the appellant is that the defendants claim the right to retain the money sued for by virtue of a void agreement, while on the part of the respondents it is insisted that the agreement was carried out at least in part and the money sued for and in the hands of the defendants is the proceeds from such partnership transactions so carried out and performed, and that the defendants as surviving partners are winding up the business of the firm and are entitled to wind up the business of the firm and to an accounting. We have set out the answer in substance in the statement of facts, and we are clear that upon the allegations thereof, admitted by the demurrer, a good defense to the action is stated.

It is clear, as claimed by appellant, that a verbal agreement to deal in land, unexecuted, is void and cannot be enforced. *Bird v. Morrison,* 12 Wis. 138; *Clarke v. McAuliffe,*

81 Wis. 104, 51 N. W. 83; *McMillen v. Pratt,* 89 Wis. 612, 62 N. W. 588. But it is well settled that a verbal contract to deal in land may be rendered enforceable by performance. *Smith v. Putnam,* 107 Wis. 155, 82 N. W. 1077, 83 N. W. 288; *Huntington v. Burdeau,* 149 Wis. 263, 135 N. W. 845.

Upon the allegations of the answer the money sued for and in the hands of the defendants is the proceeds derived from lands sold under the verbal agreement and in execution thereof, so that in this action a good defense is stated regardless of the enforcement of the contract relating to the unsold land. The rights and duties of the parties resulting from their dealings in the lands, so far as executed at least, may be enforced. Whether the court could take possession of the land unsold and enforce the contract so far as unexecuted we need not now determine. The question here is, Does the answer set up a defense? and we are convinced that it does. The complaint is for money had and received. Although the action is legal in form, the right to recover is in its nature equitable, and can only be enforced where the defendant has received money which in equity and good conscience he ought to pay to the plaintiff. *Wiesmann v. Brighton,* 83 Wis. 550, 53 N. W. 911; *Glendale Inv. Asso. v. Harvey L. Co.* 114 Wis. 408, 90 N. W. 456; *J. V. LeClair Co. v. Rogers-Ruger Co.* 124 Wis. 44, 102 N. W. 346.

In the instant case the plaintiff is suing to recover $8,001.86, and the answer alleges that this money was realized from a sale of parcels of land under the verbal contract. Upon the allegations of the answer it is clear as to this amount the verbal contract has been executed and that an accounting is necessary for the purpose of determining the amount due to each party out of the money in the hands of the defendants, therefore the answer sets up a good defense. *Smith v. Putnam, supra; Johnson v. Bank of Sun Prairie,* 155 Wis. 603, 145 N. W. 178; *Huntington v. Burdeau,*

*supra.* It follows that the demurrer to the answer was properly overruled.

*By the Court.*—The order appealed from is affirmed.

MARSHALL, J. The court's observation, "Although the action is legal in form, the right to recover is in its nature equitable," challenges my attention; more perhaps from the citation of *Wiesmann v. Brighton,* 83 Wis. 550, 53 N. W. 911, than from its infirmity. There is an evident purpose to correct the error in the cited case; but it does not go far enough. Now is the opportune time for fully eradicating such error. Consistent watchfulness is necessary to vindicate the Code so as to eradicate all departures, even *arguendo,* from it and prevent reaffirmance of old infirmities.

The quoted expression, except for change of a word, was taken from the *Wiesmann Case* where it thus occurs: The action for "money had and received" . . . "though legal in form, is in its nature an equitable remedy." There are not two forms of action, legal and equitable. There is but one, the civil action, for the prevention or redress of wrongs of a civil nature, regardless of whether the relief necessary is legal or equitable.

Though the Code is some sixty years old and this court has upon many occasions emphasized its principles, we can yet only hope that sometime its real purpose will be so fully appreciated that expressions inconsistent therewith and made commonly years ago will cease to have vitality. I think in this I express the view of the court. I would not speak of an action "legal in form" as if there were two forms in face of this in sec. 2600 of the Code:

"The distinction between actions at law and suits in equity, and the forms of all such actions and suits, have been abolished, and there is in this state but one form of action for the enforcement or protection of private rights and the redress

or prevention of private wrongs, which is denominated a civil action."

The expression, which I seek to wholly correct, I think, originated in the *Wiesmann Case* though *Fay v. Lovejoy,* 20 Wis. 407, and *Wells v. Am. Exp. Co.* 49 Wis. 224, 5 N. W. 333, are there cited in support of it, but it does not appear in either of such cases, nor anything of like effect, in my judgment. I apprehend that it was used at first, *arguendo,* through inadvertence and failure, for the moment, to keep in mind that there is but one form of action under the Code and that the relief in case of money had and received is purely legal to enforce a legal obligation, created, it is true, by the implication of a promise springing from the justice of the case. It follows that the right to recover is equitable in its nature only in the sense of the obligation to pay, the implied promise, arising from the justice of the situation,—the fact that one has the money of another which in good conscience he ought to pay over to the true owner. The right being thus created, the obligation has all the vitality of a legal right,—is such in practical effect, and is enforceable by civil action for relief of a legal nature.

The standard text-writers are agreed on the foregoing. Judge Elliott says in sec. 1374 in his work on Contracts (vol. 2) : "Where there is a legal right to demand a sum of money and there is no other remedy the law will for all the purposes of a remedy imply a promise of payment. . . . The right to recover is equitable in its nature, although the action is in reality one at law." In 2 Page on Contracts, sec. 789, it is said: "An action as upon contract will lie for money had and received wherever one person has received money which belongs to another, and which in justice and right should be returned." "The plaintiff's right to recover is governed by principles of equity, although the action is one at law." This court in *Wells v. Am. Exp. Co.* 49 Wis. 224, 230, 5 N. W. 333, said that where the right to recover

for money had and received exists an obligation is implied on the part of the defendant to pay the money to the rightful owner. Thus the right, to all intents and purposes, is legal and the remedy is legal, though underlying the right is the equitable principle which gives rise to the implied promise. Though the expression: "the right is in its nature equitable," has the sanction of eminent text-writers and some courts, I think it is misleading. The right is the creation of equity; but having come into existence, the right to recover is a legal right, enforceable by legal remedies. I would not speak of the right to money had and received as an equitable right, nor of the remedy to enforce it, as in its nature equitable, nor the form of the action as legal; but that the primary right is a creation of equity, the right to enforce it is a legal right the same as in case of any other legal obligation; and the remedy to enforce it is the civil action of the Code.

I fear the practice which may be followed when this case again reaches the court below may not be in full harmony with the spirit of the Code as now administered, and as it is thought here such practice should be, though that is taken so much for granted that nothing is said about it in the opinion. The new matter contained in the answer demurred to as not a defense, at one time would have been considered a full defense, in a technical sense, to the action, since it was commenced solely for legal relief, requiring, if established, a dismissal and the commencement of a new action for equitable relief. That rather illogical view was a survival, notwithstanding the purpose of the Code, of the ancient practice when there were two courts and two forms of action. As we have but one action and one jurisdiction, in case of an answer, as here, showing that plaintiff should have proceeded for a partnership accounting instead of to recover a sum certain, there is no want of jurisdiction. The answer is defensive in that, whether there is anything coming to plaintiff or not must wait upon an accounting; not defensive in the

technical sense, nor yet a challenge to jurisdiction. Such new matter might well be pleaded as an equitable counterclaim, requiring a reply, but that is in the nature of the issue tendered here. The facts were all pleaded. Affirmative relief to some extent was prayed for, but, upon the theory that the alleged partnership being established, the action would have to be dismissed, the prayer is for such establishment and dismissal. No dismissal is necessary in any event.

In case of the facts set forth in the answer being established, the court should bring in the absent party, with or without motion to that effect, and, not only permit but order the parties to try the question raised as to the state of the partnership account. The whole subject involved in plaintiff's claim and the new matter set up in the answer should be tried, additional pleadings being permitted or ordered, if thought advisable, and the rights of the parties fully and permanently settled by the judgment. In case of defendant establishing the partnership alleged, there is no use of a dismissal and a second suit,—none whatever. That is my view and is not contrary to anything said in the court's opinion, because it omitted to give the court below guidance in respect to the matter.