## MINNEAPOLIS STREET RAILWAY COMPANY v. E. L. ROSENBLOOM AND ANOTHER.[1]

July 12, 1940.

No. 32,340.

*Ralph T. Boardman* and *John F. Dulebohn,* for appellant. *E. L. Rosenbloom,* for respondents.

[1]Reported in 293 N. W. 256.

PETERSON, JUSTICE.

This action is against the sureties of a special administratrix to recover the amount of a judgment for costs and disbursements in favor of plaintiff and its employe, Boehland, against the special administratrix.

Anna Geldert was appointed special administratrix of the estate of one Carl Hultin. Defendants were the sureties on her bond, which was conditioned as required by statute, 3 Mason Minn. St. 1940 Supp. § 8992-82, for the faithful discharge of all the duties of her trust according to law.

The special administratrix brought an action against Boehland and this plaintiff for the purpose of enforcing a claim for the wrongful death of the decedent, Hultin. She recovered a verdict in the sum of $2,500. On appeal we ordered judgment for the defendants notwithstanding the verdict. Geldert v. Boehland, 200 Minn. 332, 274 N. W. 245, 275 N. W. 299. Judgment was then entered in favor of the defendants, the plaintiff here and its employe, Boehland, against the plaintiff in that action, Anna Geldert, as special administratrix of the estate of Carl Hultin, deceased, for their costs and disbursements. Boehland assigned his interest in the judgment to plaintiff.

There were no assets in the Hultin estate. Plaintiff has been unable to have its judgment satisfied either out of the estate or against the special administratrix personally. Thereupon it brought this action. It alleges that the alleged cause of action for wrongful death upon which suit was brought was groundless and that because of such fact the special administratrix rendered herself personally liable for the costs and disbursements under 2 Mason Minn. St. 1927, § 9482, which so far as here material provides:

"In an action prosecuted or defended by an executor, administrator, trustee of an express trust, or person expressly authorized by statute, costs and disbursements may be recovered as in an action by and against a person prosecuting or defending in his own right. But the same shall be made

chargeable only upon the estate, fund, or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in the action; * * *"

Defendants demurred to the complaint upon the grounds that it did not state facts sufficient to constitute a cause of action. From the order sustaining the demurrer, plaintiff appeals.

The purpose of an administration bond is to protect creditors and those entitled to the estate against loss by the representative's breach of duty. Where there are no assets with which to pay claims through no fault of the representative in collecting the same, neither the representative nor the sureties on his bond are liable for nonpayment of claims against the estate. An administrator is not liable beyond the assets which he represents. Ames v. Slater, 27 Minn. 70, 6 N. W. 418; 3 Dunnell, Minn. Dig. (2 ed.) § 3580s; 24 C. J. p. 1059, § 2534, note 22. Since there were no assets which were available for the payment of plaintiff's judgment, defendants are not liable.

Plaintiff entirely misconceives the effect of § 9482 and the nature of its judgment for costs and disbursements. The statute simply authorizes the court in which the representative appears as a party to award costs and disbursements against him personally for his misbehavior in bringing or managing the action. Otherwise he would be liable only in his representative capacity. The statute does not in terms at least provide that the personal liability imposed on the representative shall extend to the sureties irrespective of their undertaking under the bond. Such liability on the part of the sureties should not be implied. Their undertaking is defined in the bond, which follows the requirements of the statute (3 Mason Minn. St. 1940 Supp. § 8992-82) and is limited to the acts of the representative in his representative capacity and does not exceed the

assets of the estate where they are less than the amount of the bond.

The judgment in favor of plaintiff for costs and disbursements is an ordinary judgment against a representative in his representative capacity. An administrator is not personally liable for costs and disbursements for bringing an action in his representative capacity, except where the judgment awarding such costs and disbursements expressly provides that he shall be personally liable or that it shall be enforced against him personally. Wiesmann v. Town of Brighton, 83 Wis. 550, 53 N. W. 911; Ladd v. Anderson, 58 Wis. 591, 17 N. W. 320; Hei v. Heller, 53 Wis. 415, 10 N. W. 620. In Lough v. Flaherty, 29 Minn. 295, 13 N. W. 131, we held that a direction in a judgment for costs and disbursements that the prevailing party have execution against the representative for enforcement thereof was equivalent to a provision that he should be personally liable under the statute. See 3 Woerner, Am. Law of Adm. (3 ed.) p. 1783, § 517; 24 C. J. pp. 912-913, § 2271, note 36. Since personal liability on the part of the representative must be adjudicated, if at all, in the action in which the costs and disbursements are awarded against him, it cannot be done in another action, as here. By the express language of § 9482 a judgment for costs and disbursements such as we have here is "chargeable only upon the estate * * * represented."

Our conclusion is that the sureties on the administration bond were not liable, except as the bond provided, and that such liability was in any event limited to the assets of the estate not to exceed the face of the bond. There having been no assets in the estate, there was no liability on the part of the sureties to pay plaintiff's judgment.

So far we have proceeded upon the assumption that plaintiff's general allegation that the action which was brought by the special administratrix was groundless is to be taken at its face, notwithstanding the specific allegation that she prevailed in the district court and recovered a substantial

verdict. The rule seems to be that "a favorable issue in the first instance, however, is decisive that the proceeding was not groundless." 3 Woerner, Am. Law of Adm. (3 ed.) § 517, p. 1785, note 2. We do not deem it necessary to decide the point now, but nothing that we have said is to be taken as indicating that the rule is otherwise than as stated.

The demurrer was rightly sustained.

Affirmed.