## FAY vs. LOVEJOY and others.

*Usury—Money paid as interest, only excess above legal rate recoverable, except by statutory action—Moneys not paid distinctly as interest will be applied on principal.*

| 20 | 403 |
|----|-----|
| 88 | 285 |
| 20 | 403 |
| 96 | 421 |
| 20 | 403 |
| 114 | 412 |

1. Under a statute which provides that no interest shall be recovered upon usurious contracts (R. S., ch. 62, sec. 4), where money has been *paid as interest* at an illegal rate, only the *excess* above the legal rate can be recovered in a common law action for money had and received, or set-off by the borrower in an action for the principal: nor will equity enforce the forfeiture except for such excess.

2. But where moneys were received by the lender as the proceeds of notes turned over to him by the borrower, and the evidence does not show that the latter ever consented to their being applied as payments of *interest*, the court will apply them wholly to the extinguishment of the principal.

APPEAL from the Circuit Court for *Jefferson* County.

Foreclosure of a mortgage of real estate executed June 12, 1857, to secure a note of the same date for $2200, payable in one year with interest at 12 per cent. The defendants, by their answer, claimed to offset various sums paid as usurious interest, against the plaintiff's demand. The court found, that

on or about the 12th of June, 1857, the defendants *Lovejoy* and *Chambers* borrowed of the plaintiff $2,200, for which the said note was given, but the plaintiff reserved out of said loan as usury the sum of $66, paying said defendants only $2,134; that said defendants had paid interest annually on the face of the note at 12 per cent. for the years 1859–1863, of which $7.92 for each year was usurious interest; that they also paid $69 as usury in 1858—making the whole amount of usurious interest paid by them $182.52; that they had also paid $500 of the principal; that after deducting the two sums last mentioned from the amount of the note there remained due and unpaid $1517.48. Judgment was rendered in favor of the plaintiff for the sum last mentioned; and the defendants appealed.

*Charles G. Williams*, for appellants, cited *Wood v. Lake*, 13 Wis., 95; *Gill v. Rice,* id., 549; *Lee v. Peckham*, 17 id., 383; *Booker v. Gregory*, 7 B. Mon., 439; 16 Texas, 200; *Bromley v. Holland*, 7 Ves. Jr., 22; Am. L. C., 280; *Caldwell v. Wentworth*, 14 N. H., 431; *Bancroft v. Dumas*, 21 Vt., 456; *Bartholomew v. Yaw*, 9 Paige, 165; *Stone v. Talbot*, 4 Wis., 442.

*J. B. Cassoday.* for respondent, cited *Wood v. Lake*, 13 Wis., 84; *Gill v. Rice*, id., 549; *Lee v. Peckham*, 17 id., 389, 391; 3 Parsons on Con. (5th ed.), 122–3, 127–8; *Spencer v. Ayrault*, 10 N. Y., 202; *Eddy v. Stanton*, 21 Wend., 255; *Mowry v. Bishop*, 5 Paige, 103; *Wyman v. Farnsworth*, 3 Barb., 371; *Clarke v. Dutcher*, 9 Cow., 674; *Lowber v. Selden*, 11 How. Pr. R., 526; *N. Y. & H. R. R. v. Marsh*, 2 Kern., 308; *Smith v. Marvin*, 25 How. Pr. R., 325; Edwards on Bills &c., 351; *Dix v. Van Wyck*, 2 Hill, 524; *Pratt v. Adams*, 7 Paige, 642; *Mumford v. Am. Life Ins. & Trust Co.*, 4 Coms., 485; *Schrœppel v. Corning*, 10 Barb., 579–81; *S. C.*, 2 Seld., 113; *Wheaton v. Hibbard*, 20 Johns., 290: *Palmer v. Lord*, 6 Johns. Ch., 100; *Bosanquit v. Dashwood*, Cases temp. TALBOT, 38; *Browning v. Morris*, Cowp., 790; *Tompkins v. Bernet*, 1 Salk., 22; *Dey v. Dunham*, 2 Johns. Ch., 192; 1 Story's Eq. Jur., § 302; *Scott v.*

*Nesbit*, 2 Brown's Ch., 641 ; *S. C.*, 2 Cox, 183 ; *Ex parte Skip*, 2 Ves. Sen., 489 ; *Benfield v. Solomons*, 9 Ves., 84 ; *Rogers v. Rathbun*, 1 Johns. Ch., 367 ; *Tupper v. Powell*, 1 Johns. Cas., 439 ; *Fanning v. Dunham*, 5 Johns. Ch., 122 ; *Fulton Bank v. Beach*, 1 Paige, 429 ; *Morgan v. Schermerhorn*, 1 Paige, 544 ; *McDaniels v. Barnum*, 5 Vt., 279 ; *Jordan v. Trumbo*, 6 Gill & J., 103 ; *Thomas v. Mason*, 8 Gill, 1 ; *Anonymous*, 2 Desauss., 333 ; *Stone v. Ware*, 6 Munf., 541 ; *Shelton v. Gill*, 11 Ohio, 417 ; *Day v. Cummings*, 19 Vt., 496 ; *Ballinger v. Edwards*, 4 Ired. Eq., 449 ; *Phelps v. Pierson*, 1 C. Greene (Iowa), 121 ; *Wilson v. Hardesty*, 1 Md. Ch., 66 ; *Hindle v. O'Brien*, 1 Taunt., 413.

DIXON, C. J. The contract was usurious, and the act in force at the time it was made provides that no interest shall be recovered, but that it shall be valid and effectual to secure the repayment of the principal sum loaned. R. S., ch. 61, sec. 4. This is in legal effect a forfeiture of all interest. The defendant has from time to time paid interest *as such* at the illegal rate of 15 per cent., and it has been indorsed upon the note. It is now insisted not only that the *illegal excess of three* per cent. above the lawful rate of twelve per cent. shall be reckoned back, and allowed in payment of the principal sum loaned, but that *all* the money paid for interest shall be so reckoned back and allowed. We think counsel wrong in this position. All the authorities agree that when interest money has been paid and applied as such with the consent of the borrower, only the illegal excess can be recovered back. The reason is, that equity never favors a forfeiture, and will not, unless bound down by statute, lend its aid to enforce one, but will, as a condition of relief, hold the party to the performance of that which is just and equitable. The payment of the principal sum loaned and lawful interest is always regarded as just and equitable. It is no more than the borrower ought in conscience to pay, nor than, in the absence of the prohibition of the stat-

ute, he would be required to pay. If therefore he has paid the interest, a court of equity will not aid him to get it back, within the lawful rate, though the lender had no action to compel its payment. And the rule is the same in an action at law for money had and received, to recover it back; or if the borrower set off the interest money paid against the principal sum in a legal action of the lender to recover that. Money had and received, though legal in form, is in its nature an equitable remedy, and lies only where the defendant has received money which, *ex æquo et bono*, he ought to refund. The fact, therefore, that the statute forfeits all interest, or provides that no interest shall be recovered, does not give the borrower a right to recover it back, where it has once been paid. Many of the cases in which it is held there can be no such recovery, arose under statutes which forfeit both principal and interest. It was competent for the defendant in this case to waive the forfeiture and pay the interest, and so far as he has done so, the payments, within the rate allowed by law, will not be disturbed. It is only the excess or unlawful interest which can be deducted. This rule is applicable to all the payments of interest indorsed upon the note, except the last, for the two years ending June 12th, 1863. For those two years, it seems, the money applied as interest by the plaintiff was not paid as such by the defendant, but was received by the plaintiff as the proceeds of certain notes against third persons turned over to him by the defendant. We have examined the evidence upon this point, and are not satisfied that the defendant ever consented to the application which the plaintiff seeks to make. This sum should therefore be wholly applied to the extinguishment of the principal sum loaned. The judgment of the circuit court is in this respect erroneous.

*By the Court.*—Judgment reversed, and cause remanded with directions that the proper judgment be entered.