JACKSON vs. THE TOWN OF JACKSONPORT.

*November 24 — December 12, 1882.*

COURT AND JURY. *(1, 2) When verdict for defendant not to be directed.*
TAX CERTIFICATES. *(3) Assignment by assignee. (4) Purchaser from town may recover price paid.*

1. The trial court should not direct a verdict for the defendant unless the evidence for the plaintiff, considering it as undisputed, and giving to it the most favorable construction which it will legitimately bear, including all reasonable inferences from it, is insufficient to justify a verdict in his favor.
2. So *held*, where it was claimed that the evidence conclusively showed that certain tax certificates were purchased by the plaintiff for his father, but he testified positively that he purchased them for himself and with his own money.
3. One to whom a tax certificate has been assigned by the purchaser can transfer such certificate only "by a written assignment indorsed upon or attached to the same." R. S., sec. 1140; *Smith v. Todd*, 55 Wis., 459.
4. Towns in this state, being precluded by law from purchasing and holding tax certificates *(Eaton v. Manitowoc*, 44 Wis., 489), are incapable of selling or contracting to sell the same, and an action may be maintained against such a town to recover back the purchase price paid to it for such certificates.

APPEAL from the Circuit Court for *Door* County.

The case is thus stated by Mr. Justice CASSODAY:

" This is an action to recover back money paid by the plaintiff to the defendant in 1875 for certain tax certificates

held by the latter on certain lands in Door county, which certificates the defendant claimed to own and purported to sell to the plaintiff, but which it is claimed the defendant did not and could not own, and did not and could not sell. Before the trial the plaintiff returned the certificates to the defendant and demanded the repayment of the money, but the defendant refused to pay. The defendant demurred to the complaint as not constituting a cause of action, but the demurrer was overruled by the court. Thereupon the defendant, answered, and the case was tried by a jury. When the plaintiff rested the defendant moved for a nonsuit, which was denied. The answer, among other things, admitted the organization of the defendant town; that it had in its possession and claimed to own the tax certificates in question; that the plaintiff bargained for the same, and the same were delivered by the defendant to the plaintiff; and that the plaintiff paid to the defendant the amount alleged as the purchase price thereof, which money the defendant received and appropriated to its own use. At the close of the trial the court directed a verdict for the defendant, and from the judgment entered thereon this appeal is brought.

"It appears from the undisputed evidence that the several tax sales upon which the certificates were issued, were made in the years 1873 and 1874, and that the lands were bid off and the certificates issued to Door county, and that afterwards, and in June, 1874, the county in form assigned the certificates to the defendant, to whom they were then delivered, with the following indorsement: 'Assigned June 6, 1874. C. A. MORSE, County Clerk, Door County, Wisconsin.'"

For the appellant there were briefs by *Jackson & Thompson*, and oral argument by *Mr. Jackson*.

For the respondent there was a brief by *Hastings & Greene*, and oral argument by *Mr. Hastings*. Among other things, they argued that the purchaser from a corporation does not fail to acquire title because of the want of corporate power.

in the corporation to deal in the property. *Parish v. Wheeler,* 22 N. Y., 494; *Farmers' & Millers' Bank v. Railway Co.,* 17 Wis., 372; *Missouri Valley Land Co. v. Bushnell,* 11 Neb., 192; *Nat. Bank v. Mathews,* 8 Otto, 621; *Cowell v. Springs Co.,* 10 id., 55; *Christian Union v. Yount,* 11 id., 352; *Attleborough Nat. Bank v. Rogers,* 125 Mass., 343. There is no distinction between a private and a public corporation in this respect. This doctrine is fully recognized by this court in *State ex rel. White v. Winn,* 19 Wis., 304, and *Eaton v. Supervisors,* 44 id., 489.

CASSODAY, J. It is urged by the learned counsel for the defendant that the evidence conclusively shows that the plaintiff, in purchasing the tax certificates, was acting for his father, who was the owner of the land, or in fraud of his rights, so as to make him a trustee, holding the certificates in trust for the land-owner. It is a sufficient answer to say that the plaintiff positively denies that such were the facts, and positively swears that he purchased the tax certificates for himself, and with his own money. This was sufficient to take the case to the jury, and hence it was error to direct a verdict for the defendant upon that ground. *Sabotta v. Ins. Co.,* 54 Wis., 687. Such direction should not be given unless the evidence for the plaintiff, considering it as undisputed, and giving to it the most favorable construction in his favor it will legitimately bear, including all reasonable inferences from it, is insufficient to justify a verdict in his favor.

In the alleged transfer of these certificates from the defendant to the plaintiff there was no assignment as required by the statute. There being no such assignment, the plaintiff got no legal title to the certificates which would authorize him to get a valid tax deed. This has been recently determined by this court after very careful consideration. *Smith v. Todd,* 55 Wis., 459. But even had there been such assignment, yet under the circumstances of the case it

would have been valueless to the plaintiff for another reason. It is settled in this state that towns are not authorized to purchase and hold tax certificates. *Eaton v. Manitowoc*, 44 Wis., 489. This being so, the defendant here took no title, and could not take any title, to the certificates in question. Having acquired no title, and being incapable of acquiring any, the defendant had no power to give any title to the plaintiff. The defendant, being precluded by the law from taking title to these certificates, was incapable of selling or contracting to sell the same, even in the manner prescribed by statute, much less in a manner not prescribed. It follows that the plaintiff got nothing for his money which could be of any value to him, and the defendant parted with nothing to which it had any title, or any power or capacity to own. The defendant has taken and converted to its own use the plaintiff's money, and the latter has received nothing of any value to him in return. Such being the facts, the plaintiff is entitled to recover back the money paid, unless there is some principle of equity which the defendant may invoke in justification of its retention. *Fay v. Lovejoy*, 20 Wis., 403; *Wells v. Am. Exp. Co.*, 49 Wis., 224. We are unable to discover any such equity in favor of the defendant. The case is clearly distinguishable from that class of cases where an equitable estoppel precludes a party from showing a want of title.

The view we have taken of the case relieves us from considering the question of limitation, so ably discussed by counsel, as it is not necessarily in the case. Nor is it necessary to go into an analysis of the different adjudications for the purpose of reconciling and harmonizing the language employed in different opinions. The subject of taxation is not only important, but difficult. The interests involved affect not only the parties, but the public. The rights to be guarded, and the evils and mischiefs to be prevented, are numerous. The statutes are necessarily complicated, and

become more so by being frequently changed. This is increased by traffic and speculation not contemplated by the statutes. Under these circumstances the duty of the court is always weighty, but seldom plain. The most that can be hoped for is to keep the system adopted by the state as harmonious as possible, and at the same time preserve the rights of parties and guard the interests of the public so far as the established law will permit.

For the reasons given, the direction of a verdict for the defendant was, in our opinion, error.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.