Johnston, Respondent, vs. Charles Abresch Company, Appellant.

*January 9 — February 26, 1901.*

(1) *Money had and received: Recovery of insurance money from bailee.*
(2) *Appeal: Presumption as to when motion for new trial was made.*

1. A complaint alleging that the loss by fire on defendant's stock, including plaintiff's victoria which was in defendant's possession for repairs, had been adjusted by the insurer and paid to the defendant, and that the latter had refused to pay over the share to which plaintiff was entitled, stated a cause of action for money had and received; and when plaintiff's evidence showed that no claim for the value of the victoria was made to or adjusted by the insurer, a nonsuit should have been granted.

2. Where the record recites that a verdict was rendered, and that "thereupon the defendant moved for a new trial," it will be presumed on appeal, in the absence of a showing to the contrary, that the motion was made at the same term at which the action was tried.

Appeal from a judgment of the superior court of Milwaukee county: Orren T. Williams, Judge. *Reversed.*

The complaint alleges: The corporate character and business of defendant. That prior to April 13, 1898, plaintiff

was the owner of a victoria of the value of $1,000, which prior to said date plaintiff had placed in defendant's possession for the purpose of repairing and storing the same. That prior to said date defendant had effected fire insurance and held policies covering its stock and vehicles either owned or held by it "in trust, or on commission, or in storage, or for repairs or sale, but not removed," which covered said victoria. The total amount of said insurance was $13,094. On said date fire destroyed defendant's stock, and damaged said victoria so as to render it wholly useless. The loss on said stock, including said victoria, to the amount of $13,094, was duly adjusted. The total loss upon defendant's stock was $17,220.25. After said fire, and before adjustment of loss under said policies, plaintiff caused notice to be given defendant and the several insurance companies that she claimed the benefit of said insurance upon said victoria, and that she was entitled to be paid for all damages thereto from said fire out of the insurance money to be paid under said policies. She also notified defendant of the damage to her said property, and demanded that defendant insert in the proofs of loss her claim for $1,000 for loss and damage to her property by reason of said fire. That defendant has collected the total amount of said insurance, being the amount of $13,094, and defendant has failed and refused to pay plaintiff her proportionate share of the insurance collected on account of the damage to said victoria. Judgment for $760.39 was demanded as her proportionate share.

The answer admits holding policies of insurance, but denies that said policies covered plaintiff's victoria or any other property, except the interest of defendant for work done in the way of repairs; admits the loss by fire, adjustment of loss, which did not cover said victoria, except the sum of $30, which was the amount of repairs done on the same by defendant, and that defendant had collected from the companies by reason of said loss the sum of $13,094.

Upon the trial, plaintiff introduced evidence as to the value of the victoria, and of notice to defendant and the adjuster of the companies that she claimed a right to the insurance moneys under the policies for the loss stated. She also proved by the adjuster that the claim for the value of the victoria was not included in the proofs of loss. At the close of plaintiff's case a motion for nonsuit was denied, and duly excepted to. Defendant introduced testimony as to its intention only to secure insurance on its interest in the property, which was afterwards stricken out. A motion to direct a verdict for defendant was denied. The only question submitted to the jury was as to the value of the victoria, which was found to be $537. A motion for a new trial was denied, and judgment was entered for plaintiff for $434.67, being for what is claimed to be defendant's proportionate share of the insurance money paid and interest. To review this judgment, defendant has taken this appeal.

For the appellant there was a brief by *Fiebing & Killilea,* and oral argument by *H. J. Killilea.*

For the respondent there was a brief by *Miller, Noyes & Miller,* and oral argument by *George H. Noyes.*

BARDEEN, J. The facts stated in the complaint show that this is an action for money had and received. In *Limited I. Asso. v. Glendale I. Asso.* 99 Wis. 54, this court said: "The rule is quite elementary that, to enable a person to maintain an action for money had and received, it is necessary for him to establish that the persons sought to be charged have received money belonging to him, or to which he is entitled. That is the fundamental fact upon which the right of action depends. *Nat. T. Co. v. Gleason,* 77 N. Y. 400. The purpose of such an action is not to recover damages, but to make the party disgorge, and the recovery must necessarily be limited by the party's enrichment from the alleged transaction." See, also, *Woodward v. Hill,* 6 Wis. 143; *Lawton*

Johnston vs. Charles Abresch Co.

*v. Howe*, 14 Wis. 246; *Fay v. Lovejoy*, 20 Wis. 407; *Wells v. Am. Exp. Co.* 49 Wis. 224; *Blewett v. McRae*, 88 Wis. 280; *Huganir v. Cotter*, 102 Wis. 323.

The cause of action stated proceeds upon the assumption that defendant has received money for insurance upon the plaintiff's victoria, which, in equity and good conscience, it ought to pay over to her. It is alleged that the loss on defendant's stock, including plaintiff's victoria, was adjusted by the insurance companies and has been paid to defendant, and that the latter has neglected and refused to pay over the share to which plaintiff is entitled. Upon this basis, when the plaintiff proved that no claim for the value of her property was made to or adjusted by the insurance companies, her cause of action entirely failed, and the motion for a nonsuit ought to have been granted. The only allegation of any shortcoming on the part of defendant is a failure to pay over the money which it is claimed it received for plaintiff's use. Having affirmatively shown that defendant had not received any such money, the defendant was absolutely entitled to a ruling that plaintiff's right to recover upon the allegations of her complaint did not exist. .

This renders it unnecessary to consider or discuss other questions raised in the briefs of counsel, save the one relating to the motion for a new trial. The record shows that the jury returned a verdict on February 6, 1900, and then says, "Thereupon the defendant moved the court for a new trial, which was denied." It is urged that because it does not affirmatively appear upon what grounds the motion was based, or that it was made at the same term at which the action was tried, no question is presented to this court as to any error sought to be raised thereby. We need not repeat what was said in *Williams v. Williams*, 102 Wis. 246, regarding the practice in such cases. The recitation in the record of the rendition of verdict, and that "thereupon the defendant moved for a new trial," reasonably construed,

means that such motion followed the verdict in the usual succession of events, and was seasonably made. In absence of any showing, we cannot assume that it was at a subsequent term. On the contrary, we are bound to presume that it was at the same term at which the action was tried. Error, to be available, must affirmatively appear.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded for a new trial.