THE GLENDALE INVESTMENT ASSOCIATION, Appellant, vs.
THE HARVEY LAND COMPANY, Respondent.

*April 23—May 13, 1902.*

*Money had and received: Corporations: Officers: Wrongful deposit
of moneys of another.*

1. An action for money had and received can be maintained only
   when the defendant has received money which in equity and
   good conscience he ought to pay to the plaintiff.
2. The secretary and treasurer of several corporations, including
   the plaintiff, the defendant, and the H. B. & L. association, hav-
   ing a check for $3,879.72 belonging to plaintiff, indorsed it in
   plaintiff's name and deposited it in a bank to the credit of de-
   fendant. Shortly afterwards he gave to the H. B. & L. asso-
   ciation, on account of his individual indebtedness thereto,
   checks to the amount of $3,825, signed in defendant's name
   by himself as secretary, and such checks were paid. At the
   times mentioned defendant had on deposit, of other funds, only
   $22.39. No entry of the deposit or of the checks was made on
   defendant's books, and the transaction appeared only in its
   bank account. Defendant had no account with plaintiff, was
   not indebted to the secretary or to the H. B. & L. association,
   and did not learn of the deposit and checks until nearly a year
   after the transaction. *Held,* that plaintiff could recover from
   defendant, in an action for money had and received, only the
   $54.72 which remained of said deposit after payment of the
   checks mentioned.

APPEAL from a judgment of the superior court of Mil-
waukee county: J. C. LUDWIG, Judge. *Reversed.*

This action was commenced April 25, 1899, to recover
$3,879.72, money had and received. The complaint alleges,
in effect, the corporate character of the plaintiff and defend-
ant, and that January 19, 1898, the defendant had and re-
ceived of the plaintiff, to the use of the plaintiff, the sum
mentioned, which the plaintiff, on or about that date, loaned
and advanced to the defendant; that the defendant was in-
debted to the plaintiff for the money so received by it, with
interest from January 19, 1898; and that April 11, 1899,

the plaintiff demanded payment thereof from the defendant, but that the same has not been paid nor any part thereof.

The answer, in addition to admissions and denials, alleges, in effect, that January 19, 1898, the plaintiff, the defendant, the Mutual Building & Savings Association, and the Home Building & Loan Association were each and all Wisconsin corporations, doing business in Milwaukee, and that one John H. Myers was the secretary and treasurer of each and every of said corporations; that January 10, 1898, Myers, as secretary of the Mutual Building & Savings Association, drew and signed the check of that association, and caused the same to be signed by its president, on the National Exchange Bank, to the order of the plaintiff, for $3,879.72; that Myers thereupon took the check so signed, and January 18, 1898, indorsed thereon in blank the name of the plaintiff, as follows: "*The Glendale Investment Association,* by J. H. Myers, Secretary;" and thereafter, and without any knowledge of or authority from the defendant, deposited said check in the Wisconsin National Bank, in the defendant's bank account therein and to its credit, and thereupon, and immediately thereafter, Myers, to make good personal debts owing by himself to the Home Building & Loan Association, and without any knowledge of or authority from the defendant, drew four checks of the defendant, as secretary of the defendant, on the Wisconsin National Bank, against such deposit, in favor of the Home Building & Loan Association, for the following amounts, respectively, $475, $1,800, $650, and $900, making in all $3,825,—that is to say, $54.72 less than the amount of such deposit; that each and all of such four checks were paid by the Wisconsin National Bank out of said deposit; that at none of said times did the defendant have on deposit in the Wisconsin National Bank more than $22.39; that the defendant was not in any way indebted to the Home Building & Loan Association, nor to Myers, and had no account whatever with the plaintiff; that

the defendant had no knowledge of such deposit until long after the entire transaction had been completed; that the defendant never derived any benefit from such deposit, except that such balance of $54.72 appeared by the defendant's bank book to have remained to the credit of the defendant in the Wisconsin National Bank; that the transaction was in no sense the act of the defendant; that Myers converted to his own use the check of $3,879.72 of the Mutual Building & Savings Association to the order of the plaintiff on the National Exchange Bank, and, without the knowledge or consent of the defendant, passed the amount thereof through the bank account of the defendant for the sole purpose of disguising the transaction, and enabling him to make good certain of his debt or defalcation to the Home Building & Loan Association; and that in none of such transactions was Myers acting within the scope of his employment as secretary or treasurer of the defendant, but was acting as an individual, for the sole purpose of converting the money to his own use.

At the close of the trial the court refused to direct a verdict in favor of the plaintiff or submit the case to the jury, but directed a verdict in favor of the defendant. From the judgment entered upon the verdict so directed, dismissing the complaint upon the merits, and for $48.87 costs and disbursements, as taxed, the plaintiff appeals.

For the appellant there was a brief by *Timlin, Glicksman & Conway,* and oral argument by *W. H. Timlin.* To the point that the loss in this case ought to fall upon the defendant, they cited *White v. Morris* (Md.) 30 Atl. 642; *First Nat. Bank v. Dunbar,* 118 Ill. 625, 9 N. E. 186; *Thomas v. Arthurs,* 8 Kan. App. 126, 54 Pac. 694; *Harbach v. Colvin,* 73 Iowa, 638, 35 N. W. 663; *Pepper v. Cairns,* 133 Pa. St. 114, 7 L. R. A. 750; *Strong v. Ten Cent T. B. & L. Asso.* 189 Pa. St. 186, 42 Atl. 46; *Osborn v. Baird,* 45 Wis. 189; *Hare v. Bailey,* 73 Minn. 409, 76 N. W. 213; *St. Joe & M.*

*F. M. Co. v. First Nat. Bank,* 24 Colo. 537, 50 Pac. 1055, 1058.

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *Charles Quarles.* As to when an action for money had and received may be maintained, see *Travelers' Ins. Co. v. Mayor of Johnson,* 99 Fed. 663; *Moses v. MacFerlan,* 2 Burr. 1005; *Fishkill S. Inst. v. Nat. Bank,* 80 N. Y. 162; *Atlantic C. Mills v. Indian O. Mills,* 147 Mass. 268; Keener, Quasi-Contracts, 160; *Holden v. N. Y. & E. Bank,* 72 N. Y. 286, 287.

CASSODAY, C. J. It is undisputed that the check of $3,879.72, given by the Mutual Building & Savings Association, and payable to the order of the plaintiff, on the National Exchange Bank, January 10, 1898, was a genuine check, given on account of an existing indebtedness, and was the property of the plaintiff when received by Myers, and was paid in due course by the National Exchange Bank. It is also undisputed that it continued to be the property of the plaintiff up to January 18, 1898, when Myers, as secretary of the plaintiff, indorsed it in the plaintiff's name, and deposited the same in the Wisconsin National Bank to the credit of the defendant. It is also conceded that, during the balance of that month of January, Myers gave to the Home Building & Loan Association, on account of his own indebtedness, the four checks, each on the Wisconsin National Bank, mentioned in the answer, amounting in the aggregate to $3,825, and each signed in the name of the defendant by himself as secretary, and that such checks were all paid on or before February 1, 1898. It is conceded that at the time of such deposit the defendant had to its credit in the Wisconsin National Bank only $22.39, and that the amount of such deposit was not increased during the month of January, 1898. It is undisputed that Myers made no entry in the cash book, nor any other book of the defendant, of such de-

posit of $3,879.72, or any of the four checks mentioned, and that such deposit and such checks, had they related to a genuine transaction, should all have appeared on the defendant's cash book. They did appear in the defendant's bank account, but nowhere else. The defendant was not indebted to the Home Building & Loan Association in any way, nor to Myers, and had no account with the plaintiff. The defendant never learned of such deposit or checks until nearly a year after the transaction. Manifestly, Myers converted the $3,879.72 check to his own use, without any authority from the plaintiff, and then, to conceal such conversion and make the same effectual, he made the deposit and gave the four checks without the knowledge or consent or any authority from the defendant. In view of such undisputed facts, can the plaintiff recover the $3,825,—the aggregate amount which Myers so checked out of the bank on account of such deposit?

There is no pretense that there can be a recovery, except on the theory that the money was had and received by the defendant. There is no ground for claiming that the defendant had or received the money, except that Myers was the secretary and treasurer of the defendant as well as of the plaintiff, and that he deposited the same to the credit of the defendant, and then immediately checked out the amount mentioned, in payment of his own individual indebtedness to the Home Building & Loan Association. In other words, the defendant never in fact received nor had the benefit of any portion of the $3,825, and had no knowledge that the same had been so deposited and checked out until nearly a year after the transaction. As stated by Chief Justice DIXON, many years ago, an action for "money had and received, though legal in form, is in its nature an equitable remedy, and lies only where the defendant has received money which, *ex æquo et bono,* he ought to refund." *Fay v. Lovejoy,* 20 Wis. 406. "Such an action can only be maintained in a case

where the defendant has received money which in equity and good conscience he ought to pay to the plaintiff." *Blewett v. McRae,* 88 Wis. 280, 285, 60 N. W. 258. So, in a recent case, where the plaintiff in this case was defendant, Mr. Justice BARDEEN, speaking for this court, said: "The purpose of such an action is not to recover damages, but to make the party disgorge, and the recovery must necessarily be limited by the party's enrichment from the alleged transaction." *Limited I. Asso. v. Glendale I. Asso.* 99 Wis. 59, 74 N. W. 633. See *Huganir v. Cotter,* 102 Wis. 323, 327, 78 N. W. 423; *Johnston v. Charles Abresch Co.* 109 Wis. 184, 185, 85 N. W. 348. For cases in other courts, see brief of counsel.

In the light of the admitted facts and these adjudications and many others which might be cited, can it be fairly said that the defendant ought, in equity and good conscience, to pay to the plaintiff the $3,825 which the plaintiff's secretary wrongfully converted to his own use in the manner indicated? We think not. The mere fact that Myers, as a subterfuge, wrongfully, and without authority, availed himself of the use of his office as secretary of the defendant to make such deposit and immediately check out the money for his own private use, did not, in equity and good conscience, make the defendant a recipient of that money. The transaction is essentially the same as if Myers had drawn the money on the $3,879.72 check, and then paid over to the Home Building & Loan Association for his own personal benefit $3,825, and deposited the balance of $54.72 to the credit of the defendant in the Wisconsin National Bank. The plaintiff contends that because the $54.72 remained to the credit of the defendant, and is still available to its use, the defendant thereby ratified the whole conduct of Myers in the transaction. It is obvious from what has been said that the defendant cannot be held liable, in this action for money had and received, for such money as it never did have or receive.

But, as to the $54.72 so to the credit of the defendant, we

perceive no good reason why the plaintiff cannot recover upon the principle of the cases cited. It is undisputed that the money was and is the property of the plaintiff. The defendant had possession of it in its bank account when the plaintiff demanded payment thereof, and has continued to retain such possession. The defendant has parted with nothing for it, and has no equitable right to it. In the language of Lord Ellenborough, C. J.: "An action for money had and received is maintainable wherever the money of one man has, without consideration, got into the pocket of another." *Hudson v. Robinson,* 4 Maule & S. 478; *Wells v. Am. Exp. Co.* 49 Wis. 230, 5 N. W. 333; *Jackson v. Jacksonport,* 56 Wis. 313, 14 N. W. 296. Of course, this language does not apply to a voluntary gift, but only to a case where the defendant has received money which, in equity and good conscience, he ought to pay to the plaintiff. It follows that the plaintiff is entitled to recover the $54.72, with interest from the time of such demand.

*By the Court.*—The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded for a new trial.

