SIGGINS, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*March 12—April 8, 1913.*

*Money had and received: Carriers: Interstate shipment: Misrouting: Overcharge: Jurisdiction: Federal courts.*

1. A common-law action for money had and received is based upon the theory not only of loss to plaintiff but of the consequent enrichment of the defendant, or of someone for whom he may act, by reason of having received more money than he is entitled to.

2. Where, by reason of misrouting by the initial carrier, the total freight charges paid by the consignee to the last carrier were in excess of the legal charges for transportation by the cheapest route, but none of the carriers received more than the lawful rate for carrying the goods over the route by which they were actually sent, an action by the consignee against the last carrier for money had and received will not lie.

3. Under the Interstate Commerce Act the interstate commerce commission and the federal courts have exclusive jurisdiction of all claims for overcharges on interstate shipments, whether they grow out of an excessive rate or out of misrouting.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

Action originally brought in a justice's court to recover $70.89 alleged to have been paid the defendant as a freight overcharge upon a shipment of furniture from Thomasville,

North Carolina, to Milwaukee. The following facts were stipulated by the parties: The plaintiff purchased the goods mentioned in the complaint from the Thomasville Furniture Company, Thomasville, North Carolina, about July 2, 1906, to be shipped to the plaintiff at Milwaukee. Thereupon the Thomasville Company delivered the goods to the Southern Railroad Company, consigned to the plaintiff, to be carried from Thomasville, North Carolina, to Milwaukee. The Southern Railroad Company carried them from Thomasville to Memphis, at which point it delivered them to the Illinois Central Railroad Company for carriage from Memphis to Chicago. The charges of the Southern Railroad Company, from Thomasville to Memphis, were $84.84. The charges of the Illinois Central Railroad Company, from Memphis to Chicago, were $97.44. The Illinois Central Railroad Company delivered the goods to the defendant, which carried them from Chicago to Milwaukee, and its charges were $14.28, making total freight charges of $196.56, which were the legal charges for the route over which they were carried. The cheapest route from Thomasville to Milwaukee was by way of Virginia City to Cincinnati and Chicago, and if the goods had been transported over that route the legal freight charges would have been $119.28. The misrouting of the goods was the fault of the Southern Railroad Company, which was the initial carrier. The goods were carried by the defendant between Chicago and Milwaukee at the legal rate, which was as low as that of any other carrier between said points. The amount paid by the plaintiff to the defendant was $196.56, in which were included the charges of the other carriers.

The answer pleaded the defense that the misrouting of said goods was the fault of the Southern Railroad Company, which was the initial carrier, and that the defendant carried the goods from Chicago to Milwaukee at the lawful rate, and was not liable for the difference in freight charges between the respective routes.

The court found that the goods were shipped over the route on which they moved through the fault of the Southern Railroad Company, the initial carrier; that the freight charges upon the goods according to the cheapest through route from Thomasville to Milwaukee were $119.28, and entered judgment against the defendant for $77.28, the difference between the amount found due for freight charges if the goods had been moved by the nearest route, and the amount paid the defendant. From such judgment the defendant appealed.

For the appellant there was a brief by *William G. Wheeler* and *Edward M. Smart,* and oral argument by *Mr. Smart.*

*Douglas J. Mangan,* for the respondent.

VINJE, J.    This action was originally begun in justice's court to recover for a freight overcharge on an interstate shipment. The complaint and stipulated facts both show that such is the nature of the action, and that the overcharge was the result of the misrouting of the goods by the initial carrier. Plaintiff now claims that it is an action for money had and received and as such may be brought in the state courts. True, a specified sum of money is sought to be recovered from the defendant, but the complaint and stipulated facts show that such sum was exacted from plaintiff by reason of the failure of the initial carrier to properly route the shipment. They further show that none of the carriers exacted or received more than the lawful rate for carrying the goods over the route which they were actually sent; that defendant was under legal obligations to pay over to each of the preceding carriers, including the initial carrier, the amount of freight charged by it, and that when such charges were paid defendant was left with only its lawful freight charge. None of the carriers, therefore, received more than its lawful charge for the service it rendered. None was enriched by the payment of plaintiff. It is conceded that plaintiff suf-

fered damage by reason of the misrouting. But a common-law action for money had and received is based upon the theory not only of loss to the plaintiff *but of the consequent enrichment* of the defendant or of some one for whom he may act, by reason of having received more money than he is entitled to. 27 Cyc. 869; *Limited Inv. Asso. v. Glendale Inv. Asso.* 99 Wis. 54, 74 N. W. 633; *Johnston v. Charles Abresch Co.* 109 Wis. 182, 85 N. W. 348; *Glendale Inv. Asso. v. Harvey L. Co.* 114 Wis. 408, 90 N. W. 456; *Douglas Co. v. Sommer,* 120 Wis. 424, 98 N. W. 249; *J. V. LeClair Co. v. Rogers-Ruger Co.* 124 Wis. 44, 102 N. W. 346; *Marine Co. v. Milwaukee,* 151 Wis. 239, 138 N. W. 640. So it is evident in the instant case, under the stipulated facts, that plaintiff has been damaged by the misrouting of the goods by the initial carrier, without its appearing that any one has been in the least enriched thereby.

Moreover, where it appears that there has been an overcharge of freight on an interstate shipment due to misrouting, such overcharge cannot be recovered in an action for money had and received. To permit that would be to permit parties to evade the provisions of the Interstate Commerce Act. The proceeding must be under the act to recover the overcharge. Treating this action, then, as one to recover an overcharge on an interstate shipment, the question arises, Can it be maintained in a state court? Sec. 9 of the original Interstate Commerce Act (24 U. S. Stats. at Large, 379, ch. 104) provides:

"That any person or persons claiming to be damaged by any common carrier subject to the provisions of this act may either make complaint to the commission as hereinafter provided for, or may bring suit in his or their own behalf for the recovery of the damages for which such common carrier may be liable under the provisions of this act, in any district or circuit court of the United States of competent jurisdiction."

This in terms limits the jurisdiction of suits under the act

to federal courts. But it is claimed that, under the provisions of sec. 22 of the act, state courts also have jurisdiction. That section reads: "Nothing in this act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this act are in addition to such remedies." It must be deemed that the right of jurisdiction in state courts under this section is negatived in the case of *Adams Exp. Co. v. Croninger*, 226 U. S. 491, 33 Sup. Ct. 148, which construed the following amendment to sec. 20 of the Interstate Commerce Act (34 U. S. Stats. at Large, 595, ch. 3591), commonly known as the Carmack amendment:

"That any common carrier, railroad, or transportation company receiving property for transportation from a point in one state to a point in another state shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed: Provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law."

It was there held that the proviso preserved to the holder of the receipt or bill of lading only such remedy as he may have had under existing federal law at the time of his action, and not such as he may have had under state law, because of the evident intent of Congress to take possession of the subject of the liability of carriers of interstate shipments and to supersede all state regulations in reference thereto. That the same intent is evident in this part of the act cannot be doubted. The purpose was to place the whole subject of the liability of interstate carriers under the control of the interstate commerce commission and the federal courts, to the end

that there might be uniformity of rulings with reference thereto. The court says:

"To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme, or indicate that Congress has not shown a purpose to take possession of the subject. The first would be unthinkable, and the latter would be to revert to the uncertainties and diversities of rulings which led to the amendment."

That the interstate commerce commission and the federal courts have exclusive jurisdiction of all claims for overcharges on interstate shipments, whether they grow out of an excessive rate or out of misroutings, is sustained by the following authorities: 1 Drinker, Int. Comm. Act, § 245; Watkins, Ship. & Carr. § 200; Snyder, Ann. Int. Comm. Act, p. 161; *Morrisdale C. Co. v. Penn. R. Co.* 183 Fed. 929; *A. J. Phillips Co. v. G. T. W. R. Co.* 195 Fed. 12; *Jacoby v. Penn. R. Co.* 200 Fed. 989; *Texas & Pac. R. Co. v. Abilene C. O. Co.* 204 U. S. 426, 27 Sup. Ct. 350. It follows that the trial court erred in entertaining jurisdiction of the case.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the action.