BICHLMEIR, Appellant, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Respondent.

*December 11, 1914—January 12, 1915.*

*Commerce: Interstate shipments: Action for damage, against whom brought: Jurisdiction of state courts.*

Since the enactment of the Carmack amendment (34 U. S. Stats. at Large, 595, ch. 3591), as well as before, an action for damage to goods in an interstate shipment may be maintained against a carrier who negligently caused such damage but who was not the initial carrier; and the state courts have jurisdiction of such actions.

APPEAL from a judgment of the circuit court for Barron county: GEORGE THOMPSON, Judge. *Reversed.*

On or about October 1, 1912, plaintiff delivered a certain amount of apples to the Missouri Pacific Railway Company at Willis, Kansas, for shipment to Almena, Wisconsin, a station on defendant's line. When the apples arrived there was a shortage in weight of nearly one fifth, due, it is alleged, to the negligence of the defendant, and damages for such shortage are demanded. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and from a judgment dismissing the action the plaintiff appealed.

The cause was submitted for the appellant on the brief of *J. W. Soderberg,* and for the respondent on that of *C. C. and A. E. Coe.*

VINJE, J. The complaint specifically alleges that the loss in transit occurred while the apples were in the custody of the defendant and by reason of its negligence. The defendant was the last carrier and the Missouri Pacific Railway Company the initial carrier, and the shipment was an interstate one. Two questions arise upon the demurrer. (1) Since the enactment of the Carmack amendment (34 U. S. Stats. at Large, 595, ch. 3591), may an action for damage to goods in an interstate shipment be maintained against a carrier who negligently causes such damage but who is not the initial carrier? and (2) Does a state court have jurisdiction of such an action?

1. The Carmack amendment provides:

"That any common carrier, railroad, or transportation company receiving property for transportation from a point in one state to a point in another state shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation

company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed: Provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law."

This amendment clearly gives a right of action against the initial carrier. But is such remedy exclusive? The proviso that nothing in this section should deprive the holder of the receipt or bill of lading of any remedy or right of action which he has under existing law was construed in *Adams Exp. Co. v. Croninger*, 226 U. S. 491, 33 Sup. Ct. 148, to mean existing federal law and not state law. So the remedy given by the amendment was additional to and concurrent with any other existing federal remedy. The question, therefore, arises whether under federal law prior to the enactment of the Carmack amendment a shipper had a right of action against a carrier negligently causing the damage but who was not the carrier with whom the initial contract of shipment was made. An affirmative answer to this question was given by the supreme court of the United States in the case of *New Jersey S. N. Co. v. Merchants' Bank*, 6 How. 344, 12 L. ed. 465, and so far as we have been able to discover the rule there announced has remained unchanged. Such are also the uniform holdings of state courts. See 1 Hutchinson, Carr. (3d ed.) sec. 236 and cases cited; 4 Ruling Case Law, § 404 and cases cited. The reason of the rule that the owner of the goods may proceed directly against the carrier who is the actual wrongdoer, even if he has a remedy against the receiving carrier, is that each carrier is an agent of the owner authorized to contract with the connecting carrier for the safe transportation of the shipment, which, when undertaken by such carrier, becomes a contract with the owner, for a breach of which he can proceed directly against the carrier in default. Owing to the important public duties which a common carrier per-

forms, the law implies a sufficient privity of contract between the shipper and the connecting carrier to enable the shipper to maintain an action against such carrier for a breach of the contract of shipment entered into by the initial carrier. The English courts, however, repudiate the idea of privity of contract and restrict the remedy to the receiving carrier. 4 Ruling Case Law, § 404.

2. Sec. 9 of the original Interstate Commerce Act (24 U. S. Stats. at Large, 379, ch. 104), limiting jurisdiction to federal courts, relates to actions in which it is claimed the carrier has violated the act by doing something which it forbids or has neglected to do something which it commands should be done. It does not have reference to actions brought under the Carmack amendment enforcing liability of the initial carriers for damages caused by negligent carriage, or to actions for such damages not brought under the Carmack amendment. Of such actions state courts have jurisdiction. *Smeltzer v. St. L. & S. F. R. Co.* 168 Fed. 420; *Ft. Smith & W. R. Co. v. Awbrey & Semple,* 39 Okla. 270, 134 Pac. 1117. In *Kansas City S. R. Co. v. Carl,* 227 U. S. 639, 33 Sup. Ct. 391, 57 L. ed. 683; and in *Chicago, B. & Q. R. Co. v. Miller,* 226 U. S. 513, 33 Sup. Ct. 155, 57 L. ed. 323, the supreme court of the United States decided writs of error to state courts in actions brought under the Carmack amendment without intimating that state courts had no jurisdiction. State courts have jurisdiction to enforce federal laws unless it is withheld directly or by necessary implication.

The case of *Siggins v. C. & N. W. R. Co.* 153 Wis. 122, 140 N. W. 1128, was an action to recover a freight overcharge on an interstate shipment. A violation of the Interstate Commerce Act was therefore involved, and by force of sec. 9 of the act the action could be brought only in a federal court.

This is not such an action. It is one to enforce a common-law liability of a common carrier for which the Carmack amendment gives a remedy concurrent with federal remedies

theretofore existing, and of which state courts have jurisdiction.   It follows that the demurrer should have been overruled and that the judgment dismissing the action was erroneous.

*By the Court.*—Judgment reversed, and cause remanded with directions to overrule the demurrer and for further proceedings according to law.