Middleton, J.
This action was instituted by Nelson Dresbach against the Norfolk & Western Railway Company and The Cleveland, Cincinnati, Chicago & St. Louis Railway Company, which will hereinafter be designated as The Big Four Com *334 pany, to recpver damages alleged to have been sustained by reason of the negligence of the defendants in not properly carrying and. handling two carloads of hogs shipped by the plaintiff over the lines of said defendants.
The petition alleges that plaintiff delivered said hogs to the defendant Norfolk & Western Railway Company at the village of Kingston, Ohio, to be transported to Buffalo, New York, and that said defendant company thereupon delivered to plaintiff its written agreement to so carry said hogs to said destination. It alleges further that the defendant The Big Four Company received said hogs at Columbus, Ohio, subject to the agreement entered into by the defendant Norfolk & Western Railway Company. It alleges further that said defendants did not carry said hogs safely, and were negligent and careless, and permitted said cars of hogs at points along the lines of said companies to stand without attention or water for several hours and to be unnecessarily delayed in transportation, etc.
It is apparent from this petition that the plaintiff below, Nelson Dresbach, launched his case against' the defendant companies upon the theory that they were joint tort-feasors and that the combined negligence of both was the proximate cause of the injury sustained by him. A careful review of the facts set up in the petition admits of no other inference or conclusion. Manifestly, the action was not brought against the initial carrier under its liability as defined by what is known as the Carmack Amendment of Section 20 of the Act to Regulate Commerce, because in an action *335 against the initial carrier under said amendment the connecting carrier is neither a necessary or proper party, and if joined with the initial carrier would subject the petition to a special demurrer, upon the ground of misjoinder of parties defendant. So that the action as originally instituted must be treated as an action to enforce the common-law liability of both carriers, which liability may be joint or several, as the evidence may disclose.
Both defendant companies filed answers setting up substantially the same defenses, with the exception that The Big Four Company in an amendment to its answer pleads a failure of the Norfolk & Western Railway Company to notify it of the shipment of said hogs, so that it could promptly transport them from Columbus, and, if necessary, hold a train for that purpose.
After the jury was impaneled and the case had proceeded to trial the court sustained a motion to dismiss The Big Four Company, upon the ground that it had not been notified of the claim of plaintiff, within thirty days, as required by the terms of the contract with the initial carrier or Norfolk & Western Railway Company. The dismissal of The Big Four Company is one of the grounds of error now urged by the Norfolk & Western Railway Company. After the dismissal of said defendant company the case proceeded against the one defendant, Norfolk & Western Railway Company, and resulted in a ve'rdict in favor of plaintiff. The jury also returned a special verdict, in which it found that the loss and damage complained of in the petition were sustained upon the line of The Big Four Company.
*336 Various errors are assigned for the reversal of this judgment, to which, for the purposes of this decision, it will not be necessary to refer in detail.
Coming direct to what we consider to be the controlling question as shown by the record, it becomes necessary to examine Section 20 of the Commerce Act aforesaid to determine whether said section has any application to or connection with this action under the pleadings. That "section as amended is the same as Section 8994-1, General Code of Ohio, and provides as follows:
“That any common carrier, railroad, or transportation company receiving property for transportation from a point in one state to a point in another state shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, .or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed: Provided, That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law.
“That the common carrier, railroad, or transportation company issuing such receipt or bill of lading shall be entitled to recover from the common carrier, railroad, or transportation company on whose line the loss, damage, or injury shall have been sustained, the amount of such loss, damage, or injury as it may be required to pay to the owners *337 of such property, as may be evidenced by any receipt, judgment, or transcript thereof.”
Plaintiff in error contends that the dismissal of its codefendant, The Big Four Company, is in effect an adjudication of the latter’s liability, and that such dismissal deprives plaintiff in error of its right of action to recover from its codefendant the loss or damage it has sustained by reason of this judgment, because the jury has found that the loss to the shipper occurred on the line of said Big Four Company. It contends, further that the court erred in dismissing said Big Four Company from the case, because while the contract between the Norfolk & Western Railway Company and the shipper provides that no common carrier shall be liable for any loss sustained upon its lines unless such carrier is notified as required by the terms of said contract, in respect to the notification of the initial carrier, yet, inasmuch as the initial carrier was notified of such claim, that notice to it is notice to the connecting carrier, because the latter was the agent for the former in the transportation of said hogs. In support of this contention the court is cited to the case of Northern Pac. Co. v. Wall, 241 U. S., 87, in which it is held that notice to the connecting carrier is notice to the initial carrier.
We are not impressed with either of the foregoing contentions of the plaintiff in error. We do not think that the dismissal of The Big Four Company, for the reasons named in the entry of said dismissal, is a final adjudication of its liability to the initial carrier, if such liability exists; and as to the second contention, while notice to the initial *338 carrier may be notice to the connecting carrier, in all matters within the scope of the latter’s agency, yet when the liability of the connecting carrier is a several liability, and depends upon facts wholly independent of its agency and its relation to the initial carrier, such a rule may not obtain, and that is precisely the situation here. The initial carrier has written this provision into its contract. It has placed it there for the protection of the connecting carrier, not as a protection to the connecting carrier as its agent, but as a protection to the connecting carrier against the latter’s separate and independent liability to the shipper growing out of acts wholly disconnected with its responsibility to the initial carrier. It would seem that such a provision in the contract was wholly unnecessary, and in reality one against the interests of the initial carrier, but it is there by the act of the initial carrier alone, who ought not complain of results that may not be as favorable to it as it anticipated when it placed this condition in the contract.
We have, however, in this connection, another question of much more serious import as regards the interests of plaintiff in error.
When the court dismissed The Big Four Company such dismissal did not thereby change the nature of the action. It still remained a suit to enforce the common-law liability of the Norfolk & Western Railway Company. The dismissal of The Big Four Company, under the circumstances, could not and did not change in any respect the character of the suit. The only effect of this dismissal was to relieve The Big Four Company from *339 any liability, and to confine the plaintiff entirely to his right of action against the Norfolk & Western Railway Company under its common-law liability as fixed and determined by its contract with the plaintiff.
While there has been much confusion and some conflict in the construction placed on Section 20 of the commerce act aforesaid, it now appears to be the settled law that the provision of this section, whereby the shipper or holder of any receipt or bill of lading shall not be deprived of any remedy or right of action which he has under existing law, authorizes him to sue any one or all of the carriers whose negligence, joint or several, resulted in any loss of goods in transit on their respective lines. While this section is intended to provide the shipper with a right of action against the initial carrier, thereby relieving him from the task of actually locating the carrier whose negligence caused the loss, yet if he does not desire to pursue this remedy, which, as before observed, is one against the initial carrier alone, and knows which carrier or carriers caused the injury, he may sue it or them. Bichlmier v. M., St. P. & S. S. M. Ry. Co., 159 Wis., 404, 150 N. W. Rep., 508, and Elliott v. C., M. & St. P. Ry. Co., 35 S. D., 57, 150 N. W. Rep., 777.
When a statute gives a remedy where one already exists at common law, the statutory remedy is considered merely cumulative, and a party may sue at common law as well as upon the statute. (20 Ency. Pl. & Pr., 603.) But both remedies may not be prosecuted together under one cause of action. 1 Comyn’s Digest, Action upon Statutes, C.
*340 So in this case, as. before observed, the defendant in error, Nelson Dresbach, having elected to pursue his common-law remedies against said defendant companies, must be held to the law applying to the cause of action so selected by him.
The learned court in its general charge to the jury, after quoting Section 20, aforesaid, proceeded to instruct the jury to the effect that if they found the loss was caused by the negligence of The Big Four Company they could nevertheless return a verdict against the Norfolk & Western Railway Company, under its liability as an initial carrier as fixed by this section. We think this instruction was erroneous and not applicable to the case under plaintiff’s petition. When The Big Four Company was dismissed, jt did not change the character of the action. The plaintiff shipper could not then be heard to say that the Norfolk & Western Railway Company was liable to him as an initial carrier, because no cause of action against it as an initial carrier was pleaded in his petition. After the dismissal of The Big Four Company the plaintiff was compelled to establish the fact that the Norfolk & Western Railway Company by its negligence, or its negligence combined with that of the other company, caused his loss. If the evidence did not disclose either one or the other state of facts, he could have no recovery under his petition against the Norfolk & Western Railway Company. If the negligence of The Big Four Company alone was the proximate cause of the injury, under plaintiff’s petition the Norfolk & Western Railway Company could not be held liable for his loss.. We are, therefore, of the opinion that the instruction of the court *341 aforesaid was highly prejudicial to plaintiff in error, and for this reason alone the judgment of that court must be reversed.

Judgment reversed, and cause remanded for new trial.

Sayre and Walters, JJ-., concur.